JAKE LOPEZ V. THE STATE.

Under the provisions of the Code of Criminal Procedure, no person can be convicted of crime upon the uncorroborated testimony of an accomplice. (Paschal's Digest, article 3118.)

APPEAL from Hays.  Tried below before the Hon. J. P. Richardson.

The charge in the indictment was burglary.  Both the appellant and Williams, the witness, were charged in the same indictment; but the district attorney, during the progress of the trial, dismissed as to Williams, and used him as a witness against the appellant.

*Thomas E. Sneed* and *J. O. Hutchison* for the appellant.

. No brief for the State.

OGDEN, J.—The defendant in the court below was convicted entirely upon the testimony of Sheridan Williams, who was jointly indicted with the appellant, and whose testimony shows most clearly that if the appellant committed the crime as charged, then he, the witness, was an accomplice with him. Under our statute no person can be convicted of a crime upon the uncorroborated testimony of an accomplice. The conviction was therefore in violation of the statute, and a new trial should have been granted.

For this error the judgment is reversed and the cause remanded.

Reversed and remanded.