## WILLIAM WRIGHT *v.* THE STATE.

1. ACCOMPLICE—EVIDENCE.—No conviction can be obtained on the testimony of an accomplice alone when his evidence is not corroborated by other testimony showing that the accused was engaged in the transaction which forms the subject-matter of the charge under investigation.

2. EVIDENCE.—Where there has been no evidence of a conspiracy between the accused, who is charged with murder, and others charged with the same murder in a different indictment, and nothing shown to connect the accused with them, evidence of a quarrel between the deceased and the other parties thus charged cannot be admitted in evidence; and if admitted, should be excluded when the State fails to show a connection between the parties.

APPEAL from Caldwell. Tried below before the Hon. John P. White.

On the morning of the 10th of May, 1873, Charles Brite, a freedman, was called from his bed about two hours before day by five men, one of whom represented himself to be James Galbreath, a constable of Caldwell county; by them he was taken away and brutally murdered. He was seen no more until about noon, the 11th day of May, when his body was found about three-fourths of a mile from his house, horribly mangled. The limbs were broken, there were marks of a rope upon the neck, wrists, and ankles, and a gun-shot wound through the mouth and back of the neck, and other marks of violence, from the effects of which he had died.

Soon after the murder several freedmen who were sus-

pected as the murderers were arrested, examined, and admitted to bail. At the January term, 1874, of the District Court of Caldwell county, five freedmen, to wit, Page Sims, Henry Elmore, Isaiah Hemphill, Roden Hemphill, and Sim Tucker were jointly indicted by the grand jury for the murder of Charles Brite.

About Christmas, 1873, Joe Hemphill, the *particeps criminis*, and principal witness for the State in this cause, left the neighborhood of Charles Brite, where he had lived, and went to Walker county, near the city of Huntsville. In February, 1874, a warrant was issued for his arrest, and James Galbreath, a constable of Caldwell county, went to the city of Huntsville, arrested Hemphill, returned with him, and placed him in the jail at San Marcus. While upon the cars returning from Huntsville Joe Hemphill confessed to Galbreath (upon the false statement of Galbreath that other parties arrested were anxious to tell all about the murder, but that if he, Joe, would tell it would go easy with him,) that he was one of the murderers.

At the April term, 1874, of the District Court of Caldwell county, a white man, named Thomas Jennings, the appellant, William Wright, and Joe Hemphill, both freedmen, were jointly indicted for the murder of Charles Brite. At the same term of the court a trial was had upon the indictment against Page Sims, Henry Elmore, Isaiah Hemphill, Roden Hemphill, and Sim Tucker; and Isaiah and Roden Hemphill claiming a severance, the district attorney elected to put Page Sims, Henry Elmore, and Sim Tucker upon trial, and entered a *nolle prosequi* as to Sims. During the progress of the trial the district attorney caused Joe Hemphill, who, together with appellant and Thomas Jennings, was indicted for the same offense, to be brought from the county jail and placed upon the stand as a witness for the State. The defendants objected to his testifying while the indictment was pending against him, which objection being sustained by the court, the district attorney caused a *nolle*

*pros.* to be entered as to Joe Hemphill also, and proceeded with the trial.

The jury upon this trial found Henry Elmore and Sim Tucker guilty of murder in the second degree, and assessed their punishment at ten years' confinement in the State penitentiary. On a subsequent day of the same term appellant was put upon trial, his co-defendant, Joe Hemphill, being again used as a witness for the State, and was convicted of murder in the second degree, his punishment being assessed at five years' confinement in the State penitentiary. There was a motion for a new trial, which was overruled, and judgment rendered in accordance with the verdict of the jury, from which judgment he appealed.

The testimony of Joe Hemphill, the accomplice, on whose evidence the verdict rested, was contradicted in several particulars by other witnesses, and corroborated by none in such manner as to connect him with the killing.

The defendant's counsel asked the court to charge the jury, in addition to the charge already given, (which is referred to in the opinion,) that the corroboration of the testimony of an accomplice, which is necessary to convict, " must not only connect the prisoner and the accomplice together, but must show that the prisoner was engaged in the transaction which forms the subject-matter of the charge under investigation." This was refused.

On the trial the defendant objected to the testimony of Joe Hemphill, on the ground that while confined in jail charged with the murder of Charles Brite, he had been taken thence, without the order of the court, and carried to the grand-jury room, and upon his testimony thus procured the indictment found against the prisoner was returned, which objection was overruled, and defendant excepted.

He also excepted to the action of the court in permitting the State to give in evidence the fact that other parties

already convicted of the murder had once a quarrel with deceased, without connecting the prisoner therewith.

*M. R. Stringfellow* and *C. B. Collins*, for appellant.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—This is an indictment against Thomas Jennings, William Wright, and Joe Hemphill for the murder of Charles Brite.

Appellant, William Wright, only was on trial, and having been found guilty of murder in the second degree by the jury, and his punishment assessed at five years' confinement in the penitentiary, he appealed and assigned for error the overruling his motion for a new trial.

The grounds of his motion are as follows:

The verdict of the jury is contrary to the law and the evidence.

4. Because the court erred in allowing Joe Hemphill, an accomplice included in the same indictment, to testify in the cause.

5. The court erred in allowing Mary Brite, the widow of the deceased and a witness called by the State, to testify as to unfriendly feelings between the deceased and Sim Tucker and Henry Elmore, who had been indicted for the same offense in a separate indictment, and had been tried and convicted and were awaiting the sentence of the court, without in any way connecting this defendant with said quarrel and unfriendly feeling.

6. The court erred in refusing to give the jury the instructions asked by the defendant.

It appears that the district attorney entered a *nolle prosequi* as to the defendant, Joe Hemphill, who was jointly indicted with the appellant and with Thomas Jennings for the murder of Charles Brite, in order to make him a witness for the State in the case of The State *v.* Page Sims,

Henry Elmore, Josiah Hemphill, Roden Hemphill, and Sim Tucker, charged by indictment with the same offense.

An accomplice is not incompetent to testify as a witness, but a conviction cannot be had upon his testimony unless corroborated by other evidence tending to connect the accused with the offense committed. The witness having been discharged from the prosecution by dismissing the indictment against him, there was no error in allowing him to testify in the case. (Criminal Procedure, art. 3118.)

There being no evidence of a conspiracy between appellant and Elmore, Tucker, and others, and nothing connecting appellant with these parties in their quarrel with the deceased, the evidence of Mary Brite in regard to the quarrel between the other parties should not affect appellant, and his objection should have been sustained; but having been admitted in evidence, it should have been excluded when the State failed to show any connection between the parties.

The judge refused to give the instructions asked by appellant because substantially given in the general charge.

In the general charge the court had informed the jury that the witness must be corroborated by other evidence tending to connect the defendant with the offense, and that the corroboration is not sufficient if it merely shows the commission of an offense, but that it must also be shown as to the material matter. The explanation of the terms "corroboration" and "material matter," as given by the judge at the request of the jury, was correct, but no good reason is seen why the instruction asked by defendant should not also have been given in aid of the explanation and meaning of the terms.

A graver question remains to be explained, that is, does the evidence support the verdict of the jury? We think not. There is no evidence tending to connect the defendant, Wright, with the murder excepting that of the witness

Joe Hemphill. This witness is not corroborated in his statements in any material matter, but is contradicted in several important portions of his testimony. The widow of the deceased and his married daughter and his son Arthur, who were acquainted with the defendant, say if the defendant was present on the night of the killing that they did not see him. And his widow said that the defendant was not implicated in the murder. The witness, Joe Hemphill, stated that Wright had on white pants, while the other witnesses testified that only one man wore white pants, and he was Page Sims. The presence of Page Sims at the house of Brite on the night he was taken away is proved by his wife and mother-in-law. Joe Hemphill is further contradicted by the other witnesses as to the manner of killing and the circumstances attending it. No fact was stated by any other witness showing any connection of appellant with the murder itself or its perpetrators, whoever they may have been.

We are of opinion that the court erred in overruling the motion for a new trial, and for this error the judgment is reversed and the case remanded.

REVERSED AND REMANDED.