# Ash *v.* The State.

*Indictment for Conveying Instrument into County Jail to Aid Felon to Escape.*

1. *Who not an accomplice.*—A prisoner under indictment for felony, who procures another person to convey into the jail an instrument to facilitate the escape of such prisoner, is not an accomplice of such other person in the crime created by section 4130 of the Code of 1876; and a conviction of such person may be had on the uncorroborated evidence of such prisoner.

APPEAL from St. Clair Circuit Court.

Tried before the Hon. LEROY F. BOX.

The appellant was tried and convicted October 6, 1886, under an indictment, for conveying into the county jail of St. Clair county a "horse shoe rasp," to aid one Jasper Towns, a prisoner lawfully confined in said jail on a charge of burglary, to escape.

The evidence showed that said Towns not only consented to and procured the act to be done, but aided and partici-

pated in it, by taking the said instrument from defendant in through a hole in the wire screen covering the window of his cell. It was also proven that George Barclay, Jasper Shepherd, Zed Thomas and Marion Coker were prisoners in said jail at said time under charges of felony, and that they and said Towns all used said instrument to effect an escape, but failed. Towns and the four other prisoners above named, were introduced as witnesses by the State, and their testimony tended to establish the defendant's guilt of the offense charged.

In the general charge to the jury the court, among other things, instructed the jury : " That the defendant being indicted for conveying into the jail a horse shoe rasp, with the intent to facilitate the escape of Jasper Towns, one of the witnesses examined on the trial, the said Jasper Towns can not under the law be and is not an accomplice with the defendant, in the crime charged in this indictment, even though the jury should believe from the evidence, that Jasper Towns assisted the defendant in conveying into the jail the horse shoe rasp with the intent to facilitate his own (Jasper Towns') escape."

The court further instructed the jury :    " That while it is true, that a conviction can not be had in this case on the uncorroborated testimony of an accomplice or accomplices in the crime for which the defendant is being tried, yet if there is evidence in the case of a witness or witnesses who are not accomplices, corroborating the testimony of accomplices, and tending to show that the defendant committed the crime, and such corroborating evidence satisfies the jury that the testimony of the accomplices is true, and if from the whole evidence, the jury are satisfied beyond a reasonable doubt, that the defendant is guilty of the crime charged in the indictment, they should convict him."

The court further charged : " That in order to convict the defendant, it is only necessary that there should be testimony of witnesses who are not accomplices, sufficient by way of corroboration and tending to connect the defendant with the commission of the crime, to satisfy the jury that witnesses who are accomplices in the crime with the defendant, swore the truth, and that from the whole evidence, the defendant is guilty ; and, if from the whole evidence, the jury are so satisfied of the defendant's guilt beyond a reasonable doubt, they should convict him."

The defendant excepted to the foregoing charges.

The following charge was then asked, in writing, by the defendant and refused by the court, and defendant excepted :

" The court charges the jury, that the five persons, viz, Jas-

per Towns, George Barclay, Jasper Shepherd, Zed Thomas and Marion Coker, who testified on this trial on the part of the State, are what the law terms accomplices in this case, and the defendant can not be convicted on their evidence, unless their evidence is corroborated by other evidence tending to connect the defendant with the commission of the offense with which he stands charged, and such corroborative evidence, if it merely shows the commission of the alleged offense or the circumstances thereof, is not sufficient to authorize a conviction."

INZER & GREENE, for appellant.—Jasper Towns was an accomplice, a partner in the crime charged against appellant, although they were actuated by different motives.—*Davidson's case*, 33 Ala. 350; Clark's Manual, § 249. Participants in a game of cards are deemed accomplices within the meaning of the Code, although adversaries in the game.—Clark's Manual, § 255. There was a community of purpose—to effect Towns' escape—between appellant and Towns.—*Frank et al. v. State*, 27 Ala. 43; *Harrington v. State*, 36 Ala. 236. Towns could have been convicted of the offense charged against appellant, if he participated in the act.—Clark's Manual, §§ 1422, 1440; Code, § 4130; *Luke's case*, 49 Ala. 30. The gist of the offense charged was the *conveying* the instrument into the jail with the intent, &c. Towns assisted appellant in conveying the instrument into the jail, the very thing which is forbidden by the first clause of § 4130 of Code, under which this indictment was found.

T. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The defendant is indicted for conveying into the county jail an instrument, described as a horse-shoe rasp, with the intent to facilitate the escape of one Jasper Towns, a prisoner lawfully confined therein, under a charge of burglary.—Code 1876, § 4130. The evidence shows that Towns not only consented to the act, but voluntarily procured it to be done. Upon the trial of this case, Towns was introduced as a witness against the defendant, and the question is raised whether he was such an accomplice in the crime charged against the defendant, as that a conviction could not be had on his uncorroborated testimony.—Code, 1876, § 4895.

It is our opinion that Towns was not an accomplice in the crime charged in the indictment, which is *aiding his* (Towns') *escape*. The statute strikes at the offense of one man aiding the escape of *another*, not that of himself, and this is

made a felony. The test is whether the witness could have been indicted and convicted of the offense charged, either as principal or accessory.—*Bass v. State*, 37 Ala. 469. It is clear that he could not, for there is no law which makes it a felony for a prisoner to effect his own escape. In *Commonwealth v. Wood*, 11 Gray, 85, it was decided that a woman who procured a defendant to produce an abortion on her was not an accomplice of the defendant in the crime. This ruling was reaffirmed in *Commonwealth v. Boynton*, 116 Mass. 343. In the latter case it is said: "She could not have been indicted as a participator in the offense, and was not an accomplice."—1 Whart. Cr. Law (9th Ed.), § 594.

The rulings of the court were free from error, and the judgment is affirmed.