### HILL SESSIONS v. THE STATE.

*No. 1165. Decided January 21st, 1897.*

**1. Conspiracy—Proof of.**

A conspiracy to commit crime, cannot be established by the acts and declarations of a co-conspirator, it must be done by evidence aliunde.

**2. Same—Accomplice Testimony.**

A co-conspirator is an accomplice, and his testimony is insufficient to support a conviction unless corroborated.

**3. Same—Acts and Declarations of a Co-Conspirator.**

Acts and declarations of a co-conspirator after the consummation of the conspiracy are inadmissible as evidence against another conspirator on·trial.

**4. Accomplices—Corroboration.**

One accomplice cannot corroborate another.

APPEAL from the District Court of Falls.. Tried below before Hon. S. R. SCOTT.

Appeal from a conviction for conspiracy to commit horse theft; penalty, two years' imprisonment in the penitentiary.

This is a companion case to Sessions v. State, ante p. 58, and the facts as to the co-conspirator, Lewis Fergurson and his testimony are about the same in this as they appear in the opinion in that case, and no further statement is necessary.

*Rice & Bartlett, J. Gameson* and *T. H. Clampitt,* for appellant.— A conspiracy to commit crime cannot be shown by the acts, doings, declarations and confessions of a co-conspirator, in the absence of the defendant, but the same must be proved or shown by evidence aliunde. Menges v. State, 25 Tex. Crim. App., 710; Cohea v. State, 11 Tex. Crim. App., 153.

While a conspiracy need not first be established before proof of acts and declarations of the individual conspirators are admissible against each other, yet it is the usual and preferable course of procedure, and if the prosecution proves the acts and declarations of persons inculpated but fails to connect the defendant therewith such evidence should be withdrawn from the jury. Avery v. State, 10 Tex. Crim. App., 199; Myers v. State, 6 Tex. Crim. App., 1; 1 Greenleaf's Ev., Sec. 3; Luttrell v. State, 31 Tex. Crim. Rep., 493.

The acts or declarations of co-conspirators are admissible against a defendant only when done or made during the pendency of the conspiracy, or in the defendant's presence. Holden v. State, 18 Tex. Crim.

App., 106; Ricks v. State, 19 Tex. Crim. App., 317; Simms v. State, 10 Tex. Crim. App., 131; Davis v. State, 9 Tex. Crim. App., 365–380; Wharton's Crim. Law, Sec. 703; Armstead v. State, 22 Tex. Crim. App., 59; Menges v. State, 25 Tex. Crim. App., 713.

*Mann Trice*, Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

HURT, Presiding Judge.—The indictment charged that appellant, Virgil Adkins, Maud Adkins, and Oscar Smith, on the 15th day of April, 1896, in Falls County, did enter into a positive agreement with each other to commit the offense of theft of horses. The second count charged such an agreement to commit the theft of the horse of E. C. Noble. This last count was abandoned, and appellant convicted on the first count, his punishment being fixed at two years' confinement in the penitentiary. We pretermit any expression of opinion as to whether the first count is sufficient; in other words, whether the offense of conspiracy, as defined in Art. 953, Penal Code, 1895, is committed by parties entering into a positive agreement to commit theft generally. This conviction was obtained upon the testimony of Lewis Fergurson, who was an accomplice—a party to the agreement. This fact was recognized by the trial judge, who charged the jury that Fergurson was an accomplice. We have searched this record closely, but fail to find any testimony from any source corroborating the accomplice. When this positive agreement was made, the offense of conspiracy was complete. The State, over the objections of the appellant, introduced in evidence the acts and declarations of a co-conspirator, proving by Fergurson and others that Adkins was found in the possession of a stolen horse—in fact, had stolen the horse of one Gray—and other acts and declarations of a co-conspirator after the completion of the offense. Such evidence is not admissible in this character of case. A conspiracy cannot be established by the acts and declarations of a co-conspirator. This must be done by evidence from other sources. "A conspiracy cannot be proved by the declarations of a co-conspirator, made after the consummation of the offense, and in the absence of the defendant; and if a co-conspirator testified as a witness in establishment of the conspiracy, his testimony is that of an accomplice, and is insufficient, unless corroborated as such." See, Cohea v. State, 11 Tex. Crim. App., 153. Let us suppose that Adkins had stated after the consummation of the offense that appellant was a party to the positive agreement. This would not have been admissible. Why? Because the offense was consummated. Let us suppose that Adkins had testified in the case, and sworn that appellant was a member of the conspiracy. This would have been simply testimony of another conspirator and an accomplice, and one accomplice cannot corroborate another. Now, if the State had shown that the appellant was engaged with some of the supposed conspirators in stealing

horses, this might have been some testimony tending to show a conspiracy. What Adkins said about appellant was not in furtherance of a common design, but related to past events, and was not admissible under any rule. For the errors discussed the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*