Ex parte LYMAN.

(District Court, W. D. Washington, S. D.   January 28, 1913.)

No. 1,245.

CONSPIRACY (§ 28*)—ESCAPE—NATURE OF OFFENSE—"ANY PRISONER"—"ANOTHER."

Pen. Code, § 37 (Act March 4, 1909, c. 321, 35 Stat. 1096 [U. S. Comp. St. Supp. 1911, p. 1600]), provides that if two or more persons conspire to commit an offense against the United States, and one or more of them do any act to effect the object of the conspiracy, each shall be fined and imprisoned, etc.   Section 138 declares that whenever any marshal, deputy marshal, ministerial officer, or other person has in his custody any prisoner by virtue of process issued under the laws of the United States, and such marshal or other officer voluntarily suffers such prisoner to escape, he shall be fined or imprisoned, etc.   *Held*, that the words "any prisoner," in section 138, were sufficiently broad to include a prisoner conspiring with his official custodian to permit him to escape, though the word "another" excludes from its meaning oneself, and hence an indictment charging petitioner with conspiring with his guard and another to permit petitioner to escape from custody stated an offense against the United States.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 40, 41; Dec. Dig. § 28.*

For other definitions, see Words and Phrases, vol. 1, pp. 406, 407, 412–433; vol. 8, pp. 7575–7577.]

On demurrer to a petition by John Grant Lyman for a writ of habeas corpus.   Demurrer sustained.

L. E. Kirkpatrick, of Seattle, Wash., for petitioner.

B. W. Coiner, U. S. Atty., of Tacoma, Wash., and C. F. Riddell, Asst. U. S. Atty., of Seattle, Wash., for respondent.

CUSHMAN, District Judge.   This matter is before the court upon the demurrer to the petition for a writ of habeas corpus.   The petitioner is imprisoned in the United States penitentiary at McNeil Island, upon conviction by the District Court for the Northern District of California, of conspiracy, under section 37 of the Penal Code.

The indictment, upon which he was convicted, charges that, while the petitioner was held by the United States marshal for the Northern district of California, under a commitment issued by a United States commissioner, charging him with the violation of section 215 of the Criminal Code, and while he was in the custody of a certain guard, appointed by said marshal, he conspired with said guard and another to aid, assist, and permit the petitioner to escape from such custody.   Among the overt acts charged, it is alleged that the guard assisted petitioner to get into an automobile, secured for the purpose, and permitted him to leave his custody and escape.

The following authorities are relied upon by the petitioner:   United States v. Dietrick (Circuit Court for the District of Nebraska) 126 Fed. 676;   United States v. N. Y. Central & H. R. R. Co. (C. C.) 146 Fed. 303;   Ex parte Coy, 127 U. S. 731, 8 Sup. Ct. 1263, 32 L. Ed. 274;   Ex parte Nielsen, 131 U. S. 176, 9 Sup. Ct. 672, 33 L. Ed.

118; Ex parte Lange, 18 Wall. (85 U. S.) 163, 21 L. Ed. 872; Ex parte Siebold, 100 U. S. 371, 25 L. Ed. 717; Ash v. State, 81 Ala. 76, 1 South. 558; Wharton, Criminal Law, § 1339; Sessions v. State, 37 Tex. Cr. R. 62, 38 S. W. 623; Conant v. State, 51 Tex. Cr. R. 610, 103 S. W. 897.

Respondent relies upon the following authorities: In re Eckart, 166 U. S. 481, 17 Sup. Ct. 638, 41 L. Ed. 1085; U. S. v. Morse, 218 U. S. 493, 505, 506, 31 Sup. Ct. 37, 54 L. Ed. 1123–1128.

Section 37 of the Penal Code provides:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than ten thousand dollars, or imprisoned not more than two years, or both."

Section 138 of the Penal Code provides:

"Whenever any marshal, deputy marshal, ministerial officer, or other person has in his custody any prisoner by virtue of process issued under the laws of the United States, by any court, judge, or commissioner, and such marshal, deputy marshal, ministerial officer, or other person voluntarily suffers such prisoner to escape, he shall be fined not more than two thousand dollars, or imprisoned not more than two years, or both."

It is contended by petitioner that there is no federal statute punishing a prisoner for escaping, and that, as the petitioner was the escaping prisoner, he was incapable of conspiring with the officer to permit his escape. The cases cited do not support the contention. Cases of bribery, dueling, adultery, and bigamy are not analogous.

The reasoning that supports certain of those decisions does not apply to the case now before the court. The participants in a crime, that in its execution requires two actors, as dueling, before it can be a crime, it may be plausible to consider, so far as conspiracy is concerned, the same as one person in ordinary crime, and that there can be no conspiracy in such case with less than three, and that, if a punishment was provided for the consummated offense, less severe in its nature than that provided for conspiracy, that a legislative intent was thereby shown to exclude the same from the scope of conspiracy.

To voluntarily permit a prisoner to escape does not, necessarily, require a common purpose between the officer and the prisoner. For example: The prisoner escapes through what he deems the "neglect" of the guard, when, in fact, the officer has been induced by a third person to suffer or permit the escape. In such case, the officer and the third person would be conspirators, and the prisoner not. That a prisoner might conspire with the jail guard for the escape of all of his fellow prisoners, but that, the moment the prisoner himself becomes a benefiting party to the scheme, the conspiracy is destroyed, seems a lame conclusion.

Ash v. State, 81 Ala. 76, 1 South. 558, cited, was a case in which the statute before the court condemned one for "aiding the escape of another," wherein it was held that the prisoner who was aided to escape was not an accomplice. He could not have been prosecuted

as a principal or accessory, because he had not aided "another," but himself.

The statute now before the court condemns the officer who voluntarily suffers "any prisoner" in his custody, under process, to escape. The words "any prisoner" are of sufficient scope to include the petitioner, though the word "another" excludes from its meaning oneself. The prisoner is not condemned for regaining his liberty, but for conspiring with, and thereby causing, the guard to be false to his duty, in voluntarily suffering him to escape.

In any event, the judgment of conviction would not be questioned by this court on habeas corpus. The prisoner was convicted of conspiracy, an offense of which the lower court had undoubted jurisdiction. The offense against the United States, defined by section 138, supra, is clearly one that persons may conspire to commit. If petitioner could not be held as a party to such a conspiracy, that question is one that could only be corrected on a writ of error, sued out regularly to review the judgment of conviction.

In Ex parte Coy, 127 U. S. 731, 758, 8 Sup. Ct. 1263, 1272 (32 L. Ed. 274), it is said:

"In all such cases, when the question of jurisdiction is raised, the point to be decided is whether the court has jurisdiction of that class of offenses. If the statute has invested the court which tried the prisoner with jurisdiction to punish a well-defined class of offenses, as forgery of its bond, or perjury in its courts, its judgment as to what acts were necessary under these statutes to constitute the crime is not reviewable on a writ of habeas corpus."

Demurrer sustained.