**CORZINE v. STATE. (No. 6102.)**

(Court of Criminal Appeals of Texas. Feb. 16, 1921.)

1. **Food** ⚙️1—**Act prohibiting sale of flesh of unslaughtered animal within scope of police power.**

Pen. Code 1911, art. 700, prohibiting the sale for food of the flesh of an animal which has not been slaughtered, but which died from another cause, is within the scope of the police power, and is not unreasonable, but a wholesome regulation in the interest of public health.

2. **Food** ⚙️14—**Terms "diseased animal" and "animal that died otherwise than by slaughter" construed.**

The terms "diseased animal" and "animal that died otherwise than by slaughter," as used in Pen. Code 1911, art. 700, prohibiting the sale for food of the flesh of such animal, can be separated, and the flesh of a diseased animal is within the prohibited class though the animal may have been slaughtered, the prohibition of sale for food of flesh of an animal that died otherwise being absolute, and not dependent on the jury's decision that the flesh of such animal was not fit for food; the fitness of the flesh not being open to inquiry.

3. **Criminal law** ⚙️511(2)—**Accomplice testimony must be corroborated by evidence tending to connect defendant with crime.**

Code Cr. Proc. 1911, art. 801, requires as a predicate for conviction upon accomplice testimony that there be other evidence corroborating the accomplices and tending to connect accused with the offense, the corroboration being insufficient if it merely shows commission of the offense.

4. **Criminal law** ⚙️511(10)—**Corroboration of one accomplice by another does not satisfy law.**

The use of testimony of one accomplice to corroborate that of another does not satisfy Code Cr. Proc. 1911, art. 801, requiring corroboration of accomplice testimony.

5. **Criminal law** ⚙️511(1)—**Evidence held insufficient to corroborate defendant's accomplices.**

In prosecution for having sold meat of a hog that had died otherwise than by slaughter, evidence, circumstantial or direct, *held* insufficient to corroborate defendant's accomplices so as to sustain conviction on their testimony.

Appeal from Fannin County Court; A. P. Bolding, Judge.

---

⚙️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Joe Corzine was convicted of offering for sale and selling an article of food, consisting of meat of a hog that died otherwise than by slaughter, and he appeals. Judgment reversed.

Cunningham, McMahon & Lipscomb, of Bonham, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

MORROW, P. J. The former appeal is reported in Cozine v. State, 220 S. W. 102. We adhere to the conclusions of law therein expressed.

[1] Article 700 of the Penal Code reflects the legislative will to prohibit the sale for food of the flesh of an animal that has not been slaughtered, but which died from some other cause. This, in our judgment, is within the scope of the police power, not unreasonable, but, on the contrary, a wholesome regulation in the interest of public health and in line with others upheld by the courts in the cases to which reference is made in the reported opinion.

[2] We are not in accord with appellant's view that the terms "diseased animal" and "animal that died otherwise than by slaughter" as used in the statute cannot be separated. As we conceive the legislative intent, the flesh of a diseased animal is within the prohibited class, although such animal may have been slaughtered. The sale for food of the of the flesh of an animal that died otherwise is prohibited. The prohibition is absolute, and not dependent upon the decision by the jury that the flesh of such animal is not fit for food. The fitness of it is not open to inquiry, and the rejection of evidence tending to show that, although the animal died and was not slaughtered, its flesh was wholesome, was proper.

The appellant did not testify in this case. All the evidence connecting him with the transaction comes from accomplice witnesses. The court instructed the jury that they were accomplices. From their testimony it appears that the appellant, after the hog died, stuck it with a knife, caused it to be taken to the market and butchered, and agreed with one W. A. Finley to sell it, and that Finley caused his son, Hemis Finley, to peddle the meat and sell it; the proceeds being divided between the appellant and W. A. Finley.

[3, 4] Hemis Finley testified that he sold a piece of the meat to Mrs. Anthony. Mrs. Anthony was the only witness cognizant of any of the facts who was not an accomplice. Her testimony corroborates that of Hemis Finley to the point that she bought a piece of hog meat from him and paid him for it. It goes no further, however. She knew and testified to nothing relating to appellant's connection with the meat she bought. To establish the connection reference must be made alone to the testimony of several accomplices. The statute (article 801 of the Code of Criminal Procedure) imperatively requires, as a predicate for conviction upon accomplice testimony, that there be other evidence corroborating the accomplices and tending to connect the accused with the offense, and further declares the corroboration insufficient if it merely shows the commission of the offense. In the absence of corroboration the jury is not authorized to base its verdict upon accomplice testimony, notwithstanding they may believe it to be true. This is the policy of the state, made plain by the Legislature and often declared by the courts. Lopez v. State, 34 Tex. 133; Wright v. State, 43 Tex. 170; and other cases listed in Vernon's Texas Crim. Statutes, vol. 2, p. 737, note 14. The use of the testimony of one accomplice to corroborate that of another does not satisfy the law. The corroboration must come otherwise than from the lips of the accomplice. Phillips v. State, 17 Tex. App. 169; Sessions v. State, 37 Tex. Cr. R. 62, 38 S. W. 623; and other cases in Vernon's Tex. Crim. Statutes, vol. 2, p. 739, note 16.

[5] The court properly instructed the jury in accord with the law, but the record is bare of corroborative evidence, circumstantial or direct, essential to conviction.

A reversal of the judgment is ordered.