Ex Parte Charles E. Manor.

No. 8392.  Decided February 20, 1924.

Habeas Corpus—City Charter and Ordinance—Conflict with State Legislation —Auctioneers.

The second section of the ordinance of the City of Graham, Texas, giving the effect contended for by the city would exceed the power which the Legislature has conferred upon the city, in that it would be prohibitory rather than regulatory of the business of the auctioneers, and would also

be an unreasonable limitation upon the use of private property, and relator is therefore discharged.

Appeal from the County Court of Young.  Tried below before the Honorable W. H. Reeves.

Appeal from habeas corpus proceeding asking release from custody.

The opinion states the case.

*Binkley* and *Binkley* and *Brown & Graham,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the States, and *Fred T. Arnold, S. A. Penix & Jno. B. Rhea,* for respondent.

MORROW, PRESIDING JUDGE.—This is an appeal from an order refusing release on habeas corpus.  It is charged in the complaint that relator

"did . . . unlawfully cry and cause to be cried certain goods, wares and merchandise, the description of which is unknown to affiant, for sale by auction and auctioneering in and on a certain building and land, the customary and usual passage way into which place, building and land opens and extends immediately into the streets and passage ways of the City of Graham, which sale as aforesaid was not at such time a judicial sale authorized by the laws of the State of Texas contrary to the ordinance of the City of Graham in such cases made and provided, against the peace and dignity of the State."

The relator conducted a sale by auction within a building ninety feet long and thirty feet wide, facing the sidewalk in the City of Graham, and used as a jewelry store.  The auctioneer's stand was in the building and was situated some twenty feet from the main entrance, facing towards the back of the building.  The relator's employer, a citizen of Graham, was engaged in the retail jewelry business in said location and had been so engaged for more than a year. On these facts and upon the ordinance of the City of Graham the restraint of the relator is justified by the respondent.

Sections 1 and 2, respectively, of the ordinance read thus:

"That the crying of goods, wares or merchandise for sale by auction or auctioneering, in or on the streets or other public ways in the City of Graham, is hereby declared unlawful and is hereby positively prohibited."

"That the crying of goods, wares or merchandise for sale by auction, or auctioneering, in or on any public place, building or land, the customary or usual passageway into which place, building or land

opens or extends immediately into any street or other public way in the City of Graham, is hereby declared unlawful and is hereby positively prohibited.''

Section 3 provides the penalty for violating said ordinance.

The validity of the ordinance is also challenged upon the ground that, as applied to the facts, it makes an unreasonable restraint upon the relator of the lawful use of his private property and forbids the exercise in a lawful manner of a legitimate business. The State levies an occupation tax upon auctioneers. It authorized the City of Graham to do likewise, (Art. 7355, Sec. 3, R. S.), and a license ordinance had been enacted by the city. The State, by an Act of the Legislature, has also given the city the authority to regulate auctioneers in the conduct of their business in these terms:

''   .   .   .   to restrain and prohibit the ringing of bells, blowing of horns and bugles, crying of goods, and all other noises, practices and performances tending to the collection of persons on the streets and side-walks, by auctioneers and others, for the purpose of business, amusement or otherwise.'' (R. S., Art. 858).

Touching the power of municipal corporations, this is said by a text-writer:

''As the power to license auctioneers and to regulate their conduct is not one of the incidents to a municipal corporation, such power can be exercised by a municipal corporation only when it is conferred on it by the legislature. Under a power given to a municipal corporation to tax, license, and regulate the business of auctioneers, it cannot directly prohibit the business, or adopt such regulations as will produce such a result, or even be oppressive or highly injurious to the business. Municipal ordinances must be reasonable.'' (Corpus Juris, Vol. 6, 823.)

In Dillon's Municipal Corporations, 5th Ed., Vol. 2, Sec. 695, this is said:

''The right of an owner to use his property in the prosecution of a lawful business, and one that is recognized as necessary in all civilized communities, cannot be made to rest upon the caprice of a majority, or any number of those owning property surrounding that which he desires to use.''

The second section of the ordinance in question, if given the effect contended for by the city in the present instance, would exceed the power which the Legislature has conferred upon the city in that it would be prohibitory rather than regulatory of the business of the auctioneers. It would also be, in effect, an unreasonable limitation upon the use of private property. It is not intended to convey the idea that the city may not control the use of its streets and forbid the conduct of the business in a manner that amounts to a nuisance as is attempted in the first subdivision of the ordinance quoted.

From what has been said it follows that the order refusing to discharge the relator should be reversed and that his release from custody be ordered.

*Relator discharged.*