### CITY OF BEAUMONT v. SAM'S LOAN OFFICE, Inc.
#### No. 1962.

Court of Civil Appeals of Texas. Beaumont.
Aug. 13, 1930.

Rehearing Denied Oct. 15, 1930.

See, also, 4 S.W.(2d) 586.

J. B. Morris, of Beaumont, for appellant.

C. A. Lord, of Beaumont, for appellee.

HIGHTOWER, C. J.

This is an appeal from a final judgment of the Fifty-Eighth district court of Jefferson county, holding unconstitutional an ordinance regularly passed by the city commission of the city of Beaumont, regulating auction sales within the city of Beaumont and prescribing a license fee of $5 per day for the privilege of holding auction sales and a penalty of $200 per day for violating the provisions of the ordinance. The judgment was upon appellee's petition, which attacked the ordinance upon the following propositions:

First. The city of Beaumont had no power to pass an ordinance regulating auction sales. Second. While denominating the fee for conducting an auction sale a license fee, it was in fact an occupation tax, and the amount charged was unlawful because more than one-half the occupation tax charged by the state for the same occupation. Third. The ordinance was an unreasonable discrimination, in that it imposed upon persons engaged in the sale of the articles mentioned in the ordinance an unreasonable license fee and unreasonable details, in that they were required to file a bond and inventory their merchandise, etc. Fourth. The ordinance was void because it conferred upon the city assessor and collector of taxes the power to withhold or grant the license and the power to determine the right of an applicant to a license. Fifth. The penalty of $200 a day for violation of the ordinance was unreasonable and in conflict with the general laws of the state. Sixth. The ordinance was void because it conferred upon the judge of the corporation court power to revoke the license upon the conviction of the holder of the license of violating any of the provisions of the ordinance. Seventh. The ordinance was unreasonable and oppressive, and designed not to regulate auction sales, but to prohibit them. Eighth. The ordinance violated article 1, § 19, of the Constitution of the state of Texas and the Fourteenth Amendment to the Constitution of the United States, in that it deprived the persons conducting auction sales of property and privileges without due process of law and conferred upon the city assessor and collector of taxes the power to grant or withhold the license and conferred upon the judge of the corporation court power to revoke the license.

Appellant answered by general demurrer and by prayer for dissolution of the temporary injunction that had been granted appellee, restraining appellant from enforcing the ordinance, and further, by way of cross-action, prayed for judgment against appellee for the license fee due by it for operating auction sales without complying with the provisions of the ordinance. This ordinance was as follows:

"An ordinance licensing and regulating the sale at public auction of jewelry, diamonds and other precious or semi-precious stones, watches, clocks, pictures, paintings, bric-a-brac or such like articles, and prescribing a penalty and providing for an emergency, and repealing all ordinances or parts of ordinances in conflict herewith.

"Whereas, on account of the general complaint which has grown out of the practices of unregulated auctions and auctioneers of the hereinafter described kind or character of goods and the great amount of imposition made upon the public by misrepresentation and practices of deceit and fraud growing out of unregulated and irresponsible auctioneers and auctions, it is deemed advisable by the City Commission to pass suitable regulations governing the same so as to secure honesty and fair dealing and avoid such evil practices that have

grown up ón account of the want of proper regulations, now, therefore,

"Be it ordained by the city commission of the city of Beaumont

"Section 1. That it shall hereafter be unlawful for any person, firm or corporation to sell, dispose of or offer for sale in the City of Beaumont, at a public auction, or cause or permit to be sold, disposed of or offered for sale at a public auction within the City of Beaumont, jewelry, diamonds, or other precious or semi-precious stones, watches, clocks, gold or silverware, or plated ware, stationery, glassware, porcelain, bric-a-brac, or like articles, whether the same shall be their own property or whether the sale of same shall be by and through agents or employees ·or others, without first complying with the provisions of this ordinance and obtaining a license from the Assessor and Collector of Taxes of the City of Beaumont, and making an application therefor as herein provided; provided, however, that this section shall not apply to judicial sale or sales made by executors or administrators, nor to sales made by or in behalf of licensed pawnbrokers of unredeemed pledges, which are made in the manner provided by law."

The remaining provisions are summarized as follows by appellant in its brief filed herein:

"Section 2 provides that any person desiring to hold an auction for the sale of such articles shall make an application to the Collector of Taxes containing the period of days he desires to hold the auction, and provides that the Assessor and Collector of Taxes shall issue to any such person a license upon his complying with the terms of the ordinance, providing no license shall be issued for a longer time than one year.

"Section 3 provides that the application for a license shall be in writing and sworn to, shall state the name of the applicant, his residence, the street and number of the proposed place of sale, the length of time a license is desired, and if the applicant has been previously engaged in like or similar business, he shall designate the place where the sale was conducted and to furnish the Assessor and Collector such information as may be necessary to establish the truth of the statements, and the right of the applicant to the license.

"Section 4 provides that such application shall have attached to it a sworn inventory of such stock of merchandise setting out the quality, quantity, kind or grade of each item and invoice cost thereof, to which shall be attached an affidavit that such inventory is in all respects true and correct. It further provides that said application shall be kept on file as a part of the public records, pertaining to the sale

and that no merchandise shall be sold except that included in the inventory, and further that if any extension for the time for holding the auction sale is desired, similar application shall be made and 'shall be granted by the Assessor and Collector of Taxes' provided that if any articles are added to the list, the applicant shall furnish additional bond.

"Section 5 provides that before the license shall be issued, the party applying therefor shall tender a bond to the City of Beaumont in the sum of $1,000.00 made payable to the City, to be approved by the Director of Finance of the City of Beaumont, conditioned that the applicant 'shall pay all losses and damages which may lawfully be claimed against him on any material suppression 'of facts concerning the merchandise to .be auctioned at such sale, or which may grow out of the violation of any of the terms of this ordinance. Such bond shall be made amenable to any person who may sustain any loss or damage on account of any such misrepresentation, and shall cover all auction sales of merchandise described in the inventory made and required to be filed with the Assessor and Collector of Taxes, and any other merchandise which under this ordinance should have been inventoried, and any such person sustaining any damage or loss may bring suit in any court of competent jurisdiction to recover the same and the provisions of the said bond shall be construed liberally in favor of any such person on account of any loss or damage sustained by any such person either directly or indirectly,' and providing the remedies under the bond shall be cumulative and cumulative recoveries may be had on the bond to the full amount thereof.

"Section 6 provides that the Assessor and Collector of Taxes may inspect or investigate any part, or all of such stock of merchandise coming within the purview of the ordinance before issuing the license in order to determine the truth of the statements made in the application and the inventory.

"Section 7 provides that a fee of $5.00 per day shall be paid for the license.

"Section 8 provides that it shall be unlawful for any person acting as auctioneer to make any statements which are false in any particular, or which have a tendency to mislead any person present, or to make any misrepresentations whatsoever or at all as to the quality or quantity, character or present condition, or value or cost or general selling price, or whether new or second-hand, or partly so, of any property offered for disposal by auction sale.

"Section 9 provides that it shall .be unlawful for any person to act as by-bidder or what is commonly known as a 'capper' or 'boost-

er' at any such auction or place where any such auction shall take place, or to offer to make any false bid or to offer any false bid to buy or pretend to buy any such article sold or offered for sale at any such auction.

"Section 10 provides that it shall be the duty of the auctioneer to make some description of the person making a bid every time a bid is announced and also to point or designate the position on the premises of the bidder.

"Section 11 makes it the duty of the person whose merchandise is being sold to give each purchaser of an article, the selling price of which amounts to $7.50 or more, an invoice containing a full description of the article and selling price thereof, together with a statement giving each and every warranty under which the article was sold, and providing that duplicate copies shall be kept.

"Section 12 provides that the term 'person' as used in said ordinance shall include and comprehend any person, firm or association of persons or any corporation, their agents, servants or employees.

"Section 13 provides a penalty of a fine of not exceeding $200.00 upon conviction in the Corporation Court of the violation of any of the provisions of said ordinance, and provides that each day's violation shall be considered a separate offense. It further provides that in addition to the penalty provided, the Judge of the Corporation Court, or the judge on appeal, may revoke the license under which the auction is being held, and provides for an application to the Mayor and City Commission by any person whose license is revoked for a reissuance of such license.

"Section 14 provides that should any portion or part of said ordinance be held invalid or unenforceable, the same shall not be construed to affect any other valid portion, but all valid portions shall remain in full force and effect.

"Section 15 repeals all ordinances in conflict, and

"Section 16 contains the emergency clause."

Upon trial on the merits, appellee's general demurrer was sustained to appellant's cross-action, and the permanent injunction was granted appellee against appellant, restraining it from enforcing against appellee any of the provisions of the ordinance. The following constitutes in full the agreed statement of facts:

"1. That the Plaintiff owns a stock of merchandise situated in the store No. 456 in Orleans Street in the City of Beaumont, consisting of jewelry, diamonds, watches, etc., acquired by the Plaintiff for the purpose of sale. That the plaintiff has procured the services of an auctioneer to conduct an auc-

tion sale at said 456 Orleans Street in the City of Beaumont, and is desirous of so selling said merchandise and is providing to do so.

"2. That the Defendant, City of Beaumont has passed an ordinance, a copy of which said ordinance is attached to Plaintiff's original petition.

"3. That the Plaintiff has not complied with the terms of said ordinance in any manner, shape or form and, not having done so, the Defendant is threatening to arrest the owner, its officers, agents and auctioneer."

### Opinion.

Appellee's propositions against the ordinance will be discussed in the order above given.

First. The city of Beaumont operates under a charter adopted under the Home Rule Amendment to the Constitution (article 11, § 5). Subsection 25 of section 6 of the Charter is as follows:

"To license, tax and regulate regular merchants, commission merchants * * * auctioneers, and all other trades, professions, occupations and callings of every kind. To license and regulate * * * all other business or occupation whatever, which in the opinion of the City Commission shall be the proper subject of police regulation. To require the person, or persons, firms, associations or corporations pursuing any business or occupation mentioned in this section to give all bonds in such amounts and under such conditions as the City Commission may prescribe to require the keeping of books showing the transactions of any such business or occupation and requiring the persons conducting such business or occupation to submit said books and their stocks to the inspection of the police at such times as may be prescribed by ordinance."

The charter of the city of Beaumont in all its provisions "constitutes the organic law for the government of the corporation and in purely municipal matters affecting the municipal corporation only, it is supreme, provided it is not in conflict with the constitution of the State." Community Natural Gas Co. v. Northern Texas Utilities Co. (Tex. Civ. App.) 13 S.W.(2d) 184, 193; Xydias Amusement Co. v. City of Houston (Tex. Civ. App.) 185 S. W. 415. Appellee has not suggested any general statute of the state nor any provision of the State or Federal Constitutions that denies municipalities operating under the Home Rule Amendment the power to adopt ordinances regulating and licensing auction sales. Nor has it pointed out any provision of the general laws of the state that denies it that power. Without quoting them, it is manifest that articles 1015 and 1175, R. C. S. 1925, grant to municipalities this specific power. There is no general statute nor any constitutional provision, state or federal,

denying this power to municipal corporations. The conclusion follows that the charter provision of the city of Beaumont granting it power to license, tax, and regulate auction sales is constitutional, and that the ordinance in question is constitutional except as to such provisions thereof as may contravene the general laws of the state or the State and Federal Constitutions.

**Second.** The contention that the license fee of $5 per day is nothing more than an occupation tax is denied. The right to assess an occupation tax and the right to regulate a business by requiring the payment of a license fee invoked two entirely different governmental powers. That municipal corporations have the power to require the payment of both an occupation tax and a license fee by one in the same business was directly held by the court in Xydias Amusement Co. v. City of Houston, supra, upon an argument so conclusive that it is necessary only to cite that case.

**■** In this connection, we also overrule appellee's seventh proposition against the ordinance. It cannot be said, as a matter of law, that the license fee of $5 per day was designed by the city commission to prohibit and not to license and regulate auction sales; that is, there is nothing apparent on the face of the ordinance that would force the courts to give it that construction, and appellee wholly failed to offer any proof whatever upon that issue. Ex parte Bogle, 78 Tex. Cr. R. 1, 179 S. W. 1193, 1197.

**■** Third. Under the third proposition, appellee contends that this ordinance was an unreasonable discrimination against auction sales, in that it imposed upon persons engaged therein an unreasonable burden by way of a license fee and by way of requiring them to file a bond and an inventory of their merchandise, etc. We refer to the ordinance, as given above, for a detailed statement of its regulatory provisions. As a basis for these regulatory provisions, the city commission found the specific facts set out in the ordinance immediately following its caption. The determination by the city commission that the passage of this ordinance was necessary upon the facts found by it and detailed in the ordinance was conclusive and binding upon all interested parties except upon an affirmative showing by facts offered in evidence upon the trial of the case that the city commission grossly erred in finding these facts. The rule is firmly established that much must be left to the judgment and discretion of the city commission or city council in passing ordinances. In City of Graham v. Seal (Tex. Civ. App.) 235 S. W. 668, 671, the court quoted with approval the following proposition from Chicago v. Walden W. Shaw Livery Co., 258 Ill. 409, 101 N. E. 588: "Whether any particular ordinance is reasonable for the

purposes for which it is enacted is in the first instance a question to be determined by the municipal authorities. When they have acted and the ordinance has been passed it is presumptively valid, and before a court would be justified in holding it invalid its unreasonableness must be clearly made to appear."

Continuing, the court said in that case, on facts on all fours with the case before us: "There is nothing apparent on the face of the ordinance in question which would lead to the conclusion that it is unreasonable, nor can we say that it is apparent that the license fee required to be paid to the city was intended as a means or subterfuge merely for increasing the revenue of the city rather than for the protection of persons and property of citizens. Ex parte Bogle [78 Tex. Cr. R. 1] 179 S. W. 1197."

It cannot be denied that there is nothing on the face of the record in this case showing that the city commission even erred in finding the facts set out in the ordinance. Having the right to fix a license fee, the sum of $5 per day can be attacked only by affirmative proof showing that it is unreasonable and confiscatory, and no proof was offered on that issue. In City of San Antonio v. South Trunk Company (Tex. Civ. App.) 13 S.W.(2d) 401, the court denied similar contentions made against an ordinance duly passed by the city of San Antonio almost on all fours in all of its provisions with the ordinance before us. In fact, practically every contention urged by appellee against this ordinance was met and answered by the San Antonio court in the case just cited.

**■** By its fourth proposition against the ordinance, appellee insisted that the ordinance was unconstitutional because it conferred upon the city assessor and collector of taxes certain fact-finding powers, with the authority, upon the facts found by him, to withhold or grant the license. By its fifth proposition, it was insisted that the ordinance was void on the ground that it conflicted with the general law of the state in the amount of fine assessed for violating the provisions of the ordinance. By the sixth proposition, it was insisted that the ordinance was void because it gave the recorder or judge of the corporation court power to revoke a license that had been regularly granted. Under section 14 of the ordinance, which provides that "if any portion thereof be held for any reason invalid or unenforceable the same shall not be construed to affect any other valid portion hereof, but all valid portions shall remain in full force and effect," it becomes unnecessary to determine the merits of these three propositions. Even if the ordinance be unconstitutional in these particular provisions, the remaining provisions constitute a valid ordinance capable of being enforced, and there is nothing on the face of the

ordinance to suggest that it would not have been enacted without these provisions. McCutcheon v. Wozencraft (Tex. Com. App.) 255 S. W. 716; City of Graham v. Seal (Tex. Civ. App.) 235 S. W. 668; Wade v. Nunnelly, 19 Tex. Civ. App. 256, 46 S. W. 668.

Seventh and eighth. The ordinance is not class legislation, though it expressly provided that it should "not apply to judicial sale or sales made by executors or administrators, nor to sales made by or in behalf of licensed pawnbrokers of unredeemed pledges, which are made in the manner provided by law." The sales thus excepted from the provisions of the ordinance are withheld from municipal control by state and federal legislation, and therefore their exemption does not constitute discrimination against the specific transactions enumerated in the ordinance; that is, the sale at a public auction of "jewelry, diamonds, or other precious or semi-precious stones, watches, clocks, gold or silverware, or plated ware, stationery, glassware, porcelain, bric-a-brac, or like articles." This proposition has direct support in City of San Antonio v. South Trunk Company, supra. That case is also authority for the proposition that the regulation of the specific sales enumerated in the ordinance does not constitute class legislation. It was there said: "Appellee asserts that the ordinance is discriminatory and amounts to class legislation, in that it includes within its operation the auction of particular articles, such as doilies, glass ware, shawls, and the like, but we perceive no force in this contention. It will be presumed, in the absence of clear evidence to the contrary, that in the exercise of their power to regulate the business involved the commissioners had sufficient reason, in view of local conditions, to include in the operation of the ordinance the auction of the articles specified therein. The determination of such matters is intrusted, by implication from the terms of the grant, to the governing board; and the courts cannot assume to interfere with that purely governmental function by saying that, under the peculiar conditions existing in the city and confronting the board, that body was not warranted in including any particular article or class of articles within the operation of the ordinance."

Continuing its discussion of the case just cited, the court clearly held that this proposition is one of fact and not of law, and said: "Appellee's objection goes generally to several of the articles mentioned in the ordinance, and while we overruled this objection, we do so primarily upon its generality. Had appellee stressed a particular article, or all of the articles objected to, and had shown clearly that either or all of them were named in the ordinance arbitrarily, capriciously, or fraudulently, and in the absence of any relation between those articles to the evil sought to be remedied by the operation of the ordinance, the courts would set aside the ordinance in so far as it was designed to affect those articles. No such showing is made, however, and the objection fails in its entirety."

On the facts found by the city commission, as detailed in the ordinance, it was justified in making the classification complained of, and the regulation of these specific sales was not class legislation.

From what has been said, it follows that the judgment of the trial court perpetuating the injunction against appellant must be reversed, and the cause remanded for a new trial.

Appellant also complains of the judgment of the court sustaining the general demurrer against its cross-action, whereby it prayed for judgment against appellee for the amount of license fees due by it for conducting auction sales in violation of this ordinance. This ruling on the general demurrer was error. If the ordinance is constitutional in its general provisions, appellant should have judgment against appellee for the amount of these license fees.

For the reasons stated, the injunction is dissolved, and the judgment of the lower court reversed, and the cause remanded for a new trial.