## SAM'S LOAN OFFICE, Inc., v. CITY OF BEAUMONT.

### No. 1555—5884.

Commission of Appeals of Texas, Section A.

May 16, 1932.

See, also, 4 S.W.(2d) 586.

C. A. Lord and O. M. Lord, both of Beaumont, for plaintiff in error.

J. C. Jackson, of Houston, J. B. Morris and W. S. Nichols, both of Beaumont, for defendant in error.

### CRITZ, J.

This suit was originally filed in the district court of Jefferson county, Tex., by Sam's Loan Office, Inc., plaintiff in error here, against the city of Beaumont to enjoin the enforcement of a certain ordinance of said city purporting to regulate the business of selling certain goods at public auction. The district court held the ordinance unconstitutional and void, and awarded the injunction as prayed for. On appeal to the Court of Civil Appeals, this judgment was reversed, and the ordinance held valid. 31 S.W.(2d) 882. Sam's Loan Office brings error.

We shall hereafter refer to the Sam's Loan Office as Sam's, and to the city of Beaumont as the city. The ordinance in question, omitting formal parts, is as follows:

"Whereas, on account of the general complaint which has grown out of the practices of unregulated auctions and auctioneers of the hereinafter described kind or character of goods and the great amount of imposition made upon the public by misrepresentation and practices of deceit and fraud growing out of unregulated and irresponsible auctioneers and auctions, it is deemed advisable by the City Commission to pass suitable regulations governing the same so as to secure honesty and fair dealing and avoid such evil practices that have grown up on account of the want of proper regulations, now, therefore,

"Be it ordained by the city commission of the city of Beaumont:

"Section 1.

"That it shall hereafter be unlawful for any person, firm or corporation to sell, dispose of or offer for sale in the City of Beaumont, at a public auction or cause or permit to be sold, disposed of or offered for sale at a public auction within the City of Beaumont, jewelry, diamonds, or other precious or semi-precious stones, watches, clocks, gold or silverware, or plated ware, stationery, glassware, porcelain, bric-a-brac, or like articles, whether the same shall be their own property, or whether the sale of same shall be by and through agents or employees or others, without first complying with the provisions of this ordinance and obtaining a license from the Assessor and Collector of Taxes of the City of Beaumont, and making an application therefor as herein provided, provided, however, that this section shall not apply to judicial sales or sales made by executors or administrators, nor to sales made by or in behalf of licensed pawnbrokers of unredeemed pledges, which are made in the manner provided by law.

"Section 2.

"That any person desiring to hold an auction sale for the sale of the goods hereinabove described shall make application to the Assessor and Collector of Taxes as herein provided for and shall state in the said application the period of days any such person desires to hold the said auction sale and the said Assessor and Collector of Taxes shall issue to any such person a license upon complying with the terms of this ordinance for the period of time so designated, providing that no license shall be issued for a longer period than one year.

### "Section 3.

"Said application for a license shall be in writing and sworn to, stating the name of the applicant, his residence, the street and number of the proposed place of sale, the length of time for which the license is desired, and if the applicant has been previously engaged in a like or similar business, to designate the places where the sale was conducted and shall furnish the Assessor and Collector of Taxes with such further evidence as shall be necessary and reasonable to establish the truth of the statements made in said application, and the right of the applicant to a license.

### "Section 4.

"Said application for a license shall have attached to it a sworn inventory of such stock or merchandise setting out the quality, quantity, kind or grade of each item and invoice cost thereof. To such inventory there shall be attached an affidavit that such inventory is in all respects true and correct. In the case of an individual, such affidavit shall be made by him as such; in case of a Corporation, it shall be made by the President, General Manager, Secretary or Treasurer. Such inventory and affidavit when so made shall be kept on file in the office of the Assessor and Collector of Taxes as a part of the public records pertaining to the sale. No merchandise shall be sold at such auction sale except that referred to and included in the inventory made part of the application. That whenever any extension of the license so granted hereunder is granted to any person holding an auction, an application shall be made therefor as provided herein, which shall be granted by the Assessor and Collector of Taxes, provided, that should it appear to the said Assessor and Collector of Taxes, from the application so made, that new or additional articles are added to the list of articles made by any such person, then it shall be the duty of the said person to furnish an additional bond in the amount as hereinabove prescribed for the sale of the additional articles, or as is required for the sale of the original articles.

### "Section 5.

"That all persons desiring a license shall, upon complying with the application herein provided for, and before a license shall be issued to any such person shall tender a bond to the City of Beaumont duly executed by the said applicant as principal, in the sum of One Thousand Dollars ($1,000.00), which bond shall be made payable to the City of Beaumont, at Beaumont, Jefferson County, Texas, and when in compliance with the terms of this ordinance shall be approved by the Director of Finance of the City of Beaumont, and shall be conditioned that the said principal thereon shall pay all losses and damages which may lawfully be claimed against him on any material suppression of facts concerning the merchandise to be auctioned at such sale, or which may grow out of a violation of any of the terms of this ordinance. Such bond shall be made amendable to any person who may sustain any loss or damage on account of any such misrepresentation, and shall cover all auction sales or merchandise described in the inventory made and required to be filed with the Assessor and Collector of Taxes, and any other merchandise which under this ordinance should have been inventoried, and any such person sustaining any damage or loss may bring suit in any court of competent jurisdiction to recover the same and the provisions of the said bond shall be construed liberally in favor of any such person on account of any loss or damage sustained by any such person either directly or indirectly. All remedies upon or under such bond shall be in addition to any cumulative of all other remedies the parties may have at law or in equity for recoupment of any such losses or damages. The bond shall be signed by two or more sureties, one of whom shall be a surety company doing business in the State of Texas, and the other shall be a resident of Jefferson County, Texas, who is an owner of property subject to execution as disclosed by the City Tax Assessor's tax rolls; cumulative recoveries may be had on said bond to the full amount thereof.

### "Section 6.

"That the Assessor and Collector of Taxes may inspect and investigate any part or all of such stock or merchandise coming within the purview of this ordinance before issuing the license, in order to determine the truth of the statements made in the application and the inventory.

### "Section 7.

"That before any license shall be issued the applicant shall pay to the City of Beaumont a license fee in advance in the sum equal to Five Dollars ($5.00) per day for each of the days during which the auction is entitled to be held according to the license.

### "Section 8.

"It shall be unlawful for any person acting as auctioneer to make any statements which are false in any particular, or which have a tendency to mislead any person present, or to make any misrepresentations whatsoever or at all as to the quality or quantity, character or present condition, or value or cost, or general selling price, or whether new or second hand, or partly so, of any property offered for disposal by auction sale.

### "Section 9.

"It shall be unlawful for any person to act as by-bidder or what is commonly known as

a 'capper' or 'Booster' at any such auction or place where any such auction shall take place, or to offer to make any false bid or to offer any false bid or buy or pretend to buy any such article sold or offered for sale at any such auction.

"Section 10.

"It shall be the duty of the auctioneer to make some description of the person making a bid every time a bid is announced and also to point or designate the position on the premises of the bidder.

"Section 11.

"It shall be the duty of the person, firm or corporation whose merchandise is thus being sold at public auction to give each and every purchaser of an article the selling price of which amounts to the sum of $7.50 or more an invoice, containing a full description of the article, the selling price thereof, together with a statement giving each and every warranty under which the article was sold. Duplicate copies of said invoices shall be kept.

"Section 12.

"That the term 'person' as used herein shall include and comprehend any person, firm or association of persons or any corporation, their agents, servants or employes.

"Section 13.

"That any person, firm, association of persons, or any corporation, their agents, servants or employes violating any of the provisions of this ordinance shall, upon conviction in the Corporation Court be fined in any sum not exceeding Two Hundred ($200.00) Dollars, and each and every day that a violation of this ordinance occurs shall be deemed a separate offense. That in addition to the penalty herein provided for any such person convicted in the Corporation Court, or upon appeal thereof, the Judge of the said Corporation Court, or any Judge upon appeal thereof, may revoke the license under which the said auction is being held, and it shall thereafter be unlawful for any person whose license is revoked to hold any auction under the terms of this ordinance provided, however, that any person whose license is revoked, may make application to the Mayor and City Commission, and after a hearing upon such application for a re-issuance of any such license, and may have a new license granted any such person upon the order of the Mayor and City Commission to the Assessor and Collector of Taxes, provided, that any such person whose license is revoked shall comply with the terms and provisions of this ordinance.

"Section 14.

"That should any portion or part of this ordinance be held for any reason invalid or unenforceable, the same shall not be construed to affect any other valid portion hereof, but all valid portions shall remain in full force and effect.

"Section 15.

"That all ordinances, or parts of ordinances, in conflict with this ordinance are hereby repealed.

"Section 16.

"Whereas, on account of the promiscuous auction sales made by traveling auctioneers as well as on account of the many acts of extortion and oppression growing out of misrepresentations and deceit practiced on the public by unregulated auctioneers engaged in the sale of the articles hereinabove described, creates an urgency and an emergency in behalf of the preservation of the public peace, health and safety that requires this ordinance to become effective upon its passage, and it is accordingly so ordained that this ordinance shall become effective immediately upon its passage as in the charter in such cases is made and provided."

Sam's attacks the above ordinance as unconstitutional and void for many reasons, but we only consider it necessary to pass on one of them, which is that the ordinance is in violation of section 19 of article 1 of our state Constitution. Such article reads as follows: "No citizen of this state shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

The business or occupation of selling goods at auction is an ancient and legitimate one; furthermore, it is protected and licensed under the laws of this state. Section 6, art. 7047, R. C. S. 1925. The city has the right to prohibit the conduct of such business on its public streets. Section 22, art. 1015, R. C. S. 1925. The city of Beaumont has the right to regulate such business. Subsection 25, § 6, Beaumont Charter.

■■ Since the right to sell goods at auction is a valuable one, duly licensed and protected under the laws of this state, it follows that it is a right duly protected under the above constitutional provision. Also, since such is the case, and since the city only has the delegated power to regulate, it further follows that the city is without power to either directly or indirectly prohibit such business, or adopt any regulation which will produce such result, or even be unduly oppressive or highly injurious thereto, and any ordinance in contravention of the above rule is condemned by the above constitutional provision. 6 C. J. p. 823; Ex parte Manor, 96 Tex. Cr. R. 552, 258 S. W. 1063; Wiggins v. Chicago, 68 Ill. 378; Wright v. May, 127 Minn. 150, 149 N. W. 9, L. R. A. 1915B, 151.

■ We think when this ordinance is tested by the above rules its invalidity becomes too plain to admit of dispute, in that it appears on the face thereof that the effect of enforcing the same would either destroy such business or prove unduly oppressive and highly injurious thereto. In this connection we call attention to the following provisions of this ordinance:

Section 1 applies to all persons, whether they be the owners of the goods auctioned, or their agents or employees.

Section 2 requires a license to be issued by the city assessor and collector on compliance with the terms thereof.

Section 3 provides that the application for a license shall be in writing and sworn to, stating the name of the applicant, his residence, the street number of the proposed place of sale, and the length of time for which the license is desired. It is then provided that, if the applicant has been previously engaged in a similar business, the application shall designate the place where the previous sales were conducted. This section finally gives the assessor and collector the right to require any further evidence that he deems reasonable and necessary to establish the truth of the statements made in the application, and the right of the applicant to a license. The effect of this is to practically put the applicant at the mercy of the assessor and collector.

Section 4 requires that the application have attached to it a sworn inventory of the merchandise proposed to be sold, setting out the quality, quantity, kind, and grade of each item and the invoice cost thereof. It is then provided that this inventory shall be kept on file as a public record, and that no merchandise shall be sold except that referred to and included in the inventory. This provision would open a dealer's private papers and invoices to the inspection of the general public, including competitors. It is then provided that, if any extension of the license is granted to any person holding an auction, an application shall be made therefor, as provided therein, and granted by the assessor and collector, provided it should appear to the assessor and collector, from the application, that no new or additional articles are added to the list, and, if any new or additional articles are added, a new bond is required.

Section 5 of the ordinance requires a bond in the sum of $1,000. This bond is for the protection of all who buy anything at the auction sale. This section requires a bond to be signed by two or more sureties, one of whom shall be a surety company and one a private individual who is the owner of property subject to execution in the city of Beaumont. In this it is more onerous than any statutory bond known to us.

Section 6 gives the assessor and collector of taxes the right to go into the applicant's place of business and look at his stock of goods and inspect each article, and furthermore gives the assessor and collector of taxes the right to look at the applicant's private papers and inventories. All this is for the purported purpose of satisfying the assessor and collector as to the truth of the matters set out in the application.

Section 7 requires a license fee of $5 per day for each day the sale is conducted, and, under the ordinance as a whole, it is certainly contemplated that such fee only pays for the right to sell at one particular place, and the particular list of goods filed with the assessor. This fee is due to be paid even for the privilege of selling at auction one's own goods.

Section 10 of the act is extremely onerous and unreasonable; it requires the auctioneer to pause and describe each person making a bid each time a bid is made, and to point out and designate the position of such person on the premises. Such a requirement to our minds would practically destroy the sale, and would subject each bidder to ridicule, and greatly deter, if not destroy, such bidder's inclination to bid. In this connection, suppose the auctioneer is selling a watch; A bids on the watch, the auctioneer must stop and point A out to the audience; he must then describe A to the audience; if another raises A's bid, he must be described and pointed out, and, if A should bid the second time, he must again be pointed out to the audience and again be described; and so on this procedure must continue by describing and pointing out and redescribing and repointing out each bidder until the article is sold. Such a procedure would make the whole proceedings a farce and those who engaged therein, both sellers and buyers, ridiculous.

Section 11 requires that every person who is sold an article for $7.50 or more shall be given an invoice containing a full description of the article, the selling price thereof, together with a statement giving each and every warranty which the auctioneers made when the article was sold.

Section 13 prescribes the penalty at $200 per day for the violation of the ordinance, and illegally gives the city court the right to exercise civil jurisdiction and forfeit the license.

We think that the above discussion demonstrates that the enforcement of this ordinance would prove unduly oppressive and highly injurious to a lawful and licensed business, if, indeed, it would not actually destroy the same. In this connection, however, we think further that the enforcement of this ordinance would make it impracticable to conduct such business, and therefore would result in its destruction.

We do not intend to hold that all the provisions of this ordinance are invalid, but the good and the bad are so mingled that it is impossible to separate the one from the other. The whole ordinance must therefore be condemned.

We recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the district court affirmed.

### CURETON, C. J.

The judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.