**C. P. MELTON, Appellant,**

v.

**CITY OF WESLACO et al., Appellees.**

No. 13140.

Court of Civil Appeals of Texas.

San Antonio.

April 10, 1957.

Rehearing Denied May 8, 1957.

Kelley, Looney, McLean & Littleton, Edinburg, C. E. Blodget, Tyler, for appellant.

Smith & McIlheran, Weslaco, for appellees.

W. O. MURRAY, Chief Justice.

This is a suit for a declaratory judgment and injunction. There are no disputed fact issues, as all facts were stipulated by the parties.

Appellant, C. P. Melton, owns and operates the Rio Banco Farms located in Hidalgo County, Texas, and produces, among other things, Grade "A" raw milk. Appellant is not equipped to and does not pasteurize the milk he produces. The City of Weslaco has an ordinance, No. 231, which prohibits the retail sale of milk that has not been pasteurized, and thus prohibits appellant from selling in Weslaco his Grade "A" raw milk. Appellant under the State law and the regulations of Hidalgo County, would be permitted to sell his Grade "A" raw milk within the City of Weslaco, but for the provisions of Section 2 of Ordinance No. 231. The cause was submitted to the trial court upon the following question of law:

"Does a home rule city in Texas have the power to pass a constitutional ordinance forbidding the sale of raw milk within its city limits, when the Federal, State and County laws and regulations permit the sale of Grade A raw milk?"

The trial court found Section 2 of Ordinance No. 231 to be valid and denied appellant a permanent injunction. C. P. Melton has prosecuted this appeal.

Section 2 of the Weslaco Ordinance No. 231 reads as follows:

"Section 2. From and after 12 months from the date on which this ordinance takes effect, no milk or milk products shall be sold to the final consumer, or to restaurants, soda fountains, grocery stores, or similar establishments, except certified pasteurized and grade A pasteurized: Provided, that when any milk distributor fails to qualify for one of the above grades, the health officer is authorized to suspend his permit and/or to institute court action, or, in lieu thereof, to degrade his product and to permit its sale during a temporary period not exceeding 30 days, or in emergencies such longer period as he may deem necessary."

It was stipulated that appellant has a dairy rated as Grade "A" by the Department of Public Health of the State of Texas, and has the proper permits from the State and the County of Hidalgo, authorizing him to sell Grade "A" raw milk at both wholesale and retail. However, appellant is prohibited from selling his milk within the city limits of Weslaco by virtue of the provisions of Section 2 of Ordinance No. 231.

Appellant contends that Section 2 of Ordinance No. 231 conflicts with the Federal and State laws and regulations dealing with milk production, grading and distribution. We will assume, without deciding, that appellant's contention is not well founded, and proceed to consider appellant's contention that said Section 2 is an unreasonable exercise of the City of Weslaco's police power. Appellees say that their purpose in enacting Section of Ordinance No. 231 was to protect the health of their citizens under their police powers. There is nothing in the stipulations warranting a deduction that when Grade "A" raw milk is produced by a Grade A Dairy, complying in every way with all State and Federal regulations, such milk is other than wholesome and beneficial milk and fit in every way for human consumption. We must assume that when Grade "A" raw milk is produced in keeping with all laws and regulations that it is wholesome milk and, certainly, in the absence of a showing to the contrary, we cannot assume that it is unwholesome. Dr. George M. Lancaster, M. D., stated as follows:

"There are valid medical reasons universally accepted by the medical profession for the Pasteurization of milk in controlling milk born diseases.

"Pasteurization of milk when carried out according to the prescribed procedure will eliminate milk born bacillary dysentery, infections, hepatitis, septic sore throat, bovine tuberculosis, typhoid fever, undulant fever, hemolytic streptococcus infections, and some other lesser important diseases."

This statement is a far cry from declaring that the Grade "A" raw milk produced by appellant is unwholesome milk. The ordinance does not regulate the sale of Grade A raw milk, it simply prohibits the sale of it altogether. Thus appellant is prohibited from selling his Grade "A" raw milk, which is presumed to be wholesome, beneficial and not harmful when consumed by human beings. Such an ordinance is an unreasonable exercise of police power, deprives appellant of the valuable right of selling his wholesome milk, and is invalid. City of Greenville v. Pratt, Tex.Civ.App., 214 S.W.2d 179, 182; City of Abilene v. Tennessee Dairies,

Tex.Civ.App., 225 S.W.2d 429; Sam's Loan Office, Inc., v. City of Beaumont, Tex.Com. App., 49 S.W.2d 1089; City of Austin v. Austin Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528.

█ What was said by Mr. Justice Norvell in Falfurrias Creamery Co. v. City of Laredo, Tex.Civ.App., 276 S.W.2d 351, 353, is largely applicable here, though the fact situation in the two cases are somewhat different. We here quote:

"It is well settled that under our plan of government the police power extends only to those regulations which are reasonably necessary and appropriate to the protection of the public health, safety and morals. Attempted regulations which extend beyond this legitimate scope of operation of the police power run afoul of the due process of law requirements of both the State and Federal Constitutions. 'Any ordinance or statute which prevents any person from engaging in a lawful business cannot be upheld unless protection of life, health or property makes it reasonably necessary.' Meridian, Limited v. Sippy, 54 Cal.App.2d 214, 128 P.2d 884, 888.

" * * * Legislation relating to milk grading and pasteurization was adopted in 1937, by the 45th Legislature, and is codified as Article 165-3, Vernon's Ann. Tex. Stats. This act was considered in detail by the Amarillo Court of Civil Appeals in Prescott v. City of Borger, 158 S.W.2d 578, wr. ref. The Court held illegal and void a provision of the milk ordinance of the City of Borger, which provided, in substance, that no milk or cream should be sold in said City that had been pasteurized outside Hutchinson County (wherein Borger is located) except upon authorization of the City Health Officer. It was directly held that the State of Texas, acting through its Legislature, had entered the field of milk regulation, and that ordinances of cities contrary to the State regulations upon the subject were consequently inoperative."

The judgment will be reversed and the cause remanded with instructions to issue the permanent injunction as prayed for by appellant.

Reversed and remanded with instructions.