M. Quaternick v. The State.

No. 4921.   Decided June 5, 1918.

Rehearing denied June 28, 1918.

1.—Selling Adulterated Milk—Information—Negative Allegation—Name of Purchaser.

In a prosecution for selling and exposing for sale adulterated milk, it is not necessary to negative the sale of skimmed milk, or to allege the name of the purchaser of said adulterated milk.   Distinguishing Drechsel v. State, 35 Texas Crim. Rep., 580.   Following Wilkerson v. State, 44 Texas Crim. Rep., 455, and other cases.

2.—Same—Sufficiency of the Evidence—Theory of Defense.

Where, upon trial of selling adulterated milk, etc., the evidence was sufficient to sustain the conviction, under article 706, P. C., and defendant's theory of defense was. properly submitted to the jury, there was no reversible error.

3.—Same—Rehearing—Sufficiency of the Evidence.

Where, upon motion of rehearing, the appellant claimed that the evidence was insufficient to support the judgment of conviction, but the record on appeal showed that the jury was justified in finding a verdict of guilty, there was no reversible error.

Appeal from the County Court of Galveston.   Tried below before the Hon. J. C. Canty.

Appeal from a conviction of selling adulterated milk; penalty, a fine of twenty-five dollars.

The opinion states the case.

*Elmo Johnson,* for appellant.—On question of insufficient information: Huffman v. State, 55 Texas Crim. Rep., 144; Blair v. State, 50 id., 225; Salter v. State, 44 id., 591; McCann v. State, 40 id., 111; Drechsel v. State, 35 id., 580.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—The conviction is for selling and exposing for sale adulterated milk, the adulteration consisting in adding water to the milk.   The statute defining the offense is article 706, P. C., declaring it unlawful for any person to sell or expose for sale adulterated or impure milk.   The article contains a proviso, stating that "skimmed milk" may be sold if on the can or package from which it is taken the words "skimmed milk" are painted.

Appellant attacks the sufficiency of the information upon the ground

that there is no negative allegation showing that the sale was not a sale of skimmed milk so marked. We think this contention is unsound. The statute does not contain any proviso authorizing the sale of watered milk under any circumstances, whether skimmed milk or otherwise. To bring it within the rule requiring the negative averment it would be necessary that the terms of the statute be such as to permit the sale of watered milk under some circumstances. If such were the terms of the statute it would then be necessary to show by averment that the sale of watered milk was not under the circumstances permitted. The authorities upon the subject are collated in Branch's Ann. P. C., sec. 510. See also Brown v. State, 74 Texas Crim. Rep., 498, 168 S. W. Rep., 861; Wilkerson v. State, 44 Texas Crim. Rep., 455; Mosely v. State, 18 Texas Crim. App., 311; Blasdell v. State, 5 Texas Crim. App., 263.

The information is also assailed upon the ground that the name of the purchaser of the adulterated milk is not alleged. In support of this contention appellant relies upon Drechsel v. State, 35 Texas Crim. Rep., 580, declaring it necessary in a prosecution for the sale of intoxicating liquors in localities where such sales are prohibited under the local option laws, to designate the name of the purchaser by averment in the indictment or information. There is, we think, an obvious distinction between the statutes prohibiting sales of intoxicating liquors and the statute under consideration in that in the former a sale must be proved, and, therefore, averred with certainty, to comply with which rule the name of the purchaser is essential. The offense denounced by article 706, supra, consists in the sale or exposure for sale of adulterated milk. In a prosecution under this statute it is not necessary to prove a sale, but proof of possession and exposure for sale of the adulterated article is sufficient, and being sufficient in proof it is likewise sufficient in the averment.

From the evidence it appears appellant was engaged in the business of conducting a dairy and selling milk; that prosecuting witness bought and took from among other bottles of milk in the possession of appellant, and on his milk wagon about 7 o'clock in the morning, a bottle of milk which, on examination, was found to contain water; that is, it showed that 26 per cent of the contents of the bottle was water added to the milk. The defense urged was that this particular bottle of milk was not exposed for sale, but that it was gotten by appellant from another person and not intended for sale but intended to be used by him in exchange for a drink of whisky; that at the time prosecuting witness got the bottle of milk it was the only one in his possession, and it had come into his possession in the manner and for the purpose mentioned. This issue was submitted to the jury in a charge given at request of appellant. It was an issue upon which there was manifestly a conflict of evidence and its solution by the jury against appellant is binding upon this court.

The judgment of the lower court will be affirmed.

*Affirmed.*

MORROW, JUDGE.—Appellant insists that the evidence does not support the judgment finding him guilty under the statute which makes it unlawful "for any person to sell or expose for sale or exchange any watered milk." P. C., art. 706.

T. J. League testified that he was and had been pure food inspector, for eight or nine years; that appellant ran a dairy in the City of Galveston, selling milk and was selling milk on March 13, 1917; that on that day at 7 a. m. he took a sample of his milk, paid him ten cents for the sample, took a quart of milk. That he had other bottles of milk on his wagon at the time. Of this he was certain; that appellant did not tell him he had that bottle of milk to give to Lester Davison; did not claim it was not his milk. It was shown that the sample thus taken was analyzed and contained 26 per cent of added water. Appellant testified that the witness League on the occasion mentioned took a bottle of milk from his wagon and paid him ten cents for it. He said that that was the last bottle he had and that he told League he was going to give it to Lester Davison for a drink of whisky. He claims that he had sold all of his milk and bought a bottle of milk from Mrs. Ostermayer and paid her ten cents for it, and was going to exchange it to Davison for a drink of whisky. That he had been in the habit of making such an exchange. That he put no water in it; that at the time that League got the bottle of milk he was on the street in front of Davison's place of business.

No effort was made to have the testimony of Mrs. Ostermayer. Lester Davison testified that he was in the habit of making an exchange with appellant, giving a drink of whisky for a bottle of milk and that he made no delivery to him on the day in question, though he was to do so.

The only charge given was one prepared by the appellant in which the court told the jury that if they believed or had a reasonable doubt that appellant purchased the milk from Mrs. Ostermayer to acquit him.

We are not able to agree with appellant in his contention. The circumstances testified to are sufficient to show that he had on the wagon used in his dairy business on the occasion in question bottles of milk which were exposed for sale, and from among these bottles he sold one to the witness League, which contained 26 per cent of added water. From the testimony the jury was authorized to draw the inference that the bottle of milk which was sold to League was among the others which the appellant was exposing for sale. The jury was not bound to accept his statement and their verdict sustaining the State's theory and rejecting his having been approved by the trial court is binding upon this court.

The motion is overruled.

*Overruled.*