## EX PARTE G. H. VAUGHAN.

No. 6719.    Decided December 20, 1922.

**1.—City Ordinance—Pure Food—Police Power.**

The city of Dallas in its charter is given the power to enact and enforce ordinances necessary to protect health, life and property of the inhabitants of the citizens thereof, and the enactment of suitable legislation to protect the public health against the use of impure food is within the general scope of its police power. Following Ex Parte Drane, 80 Texas Crim. Rep., 543 and other cases.

**2.—Same—Medical Examination—Words and Phrases—Ordinance.**

·The use of the term "medical examination," etc., in the ordinance does not vitiate it on account of the rule against indefiniteness in criminal laws.

The ordinance is that all proprietors shall be subject to the medical examination herein provided, and by this is meant an examination by a reputable physician disclosing that the person in question is free from all infectious or contagious diseases.

### 3.—Same—Rule Stated—Habeas Corpus—Complaint.

This court takes no note of the form of the complaint, but in *habeas corpus* proceedings of this character goes no further than to determine whether the arrest or conviction is supported by a law under which a valid complaint may be drawn, following Ex Parte Cox, 53 Texas Crim. Rep., 340, and other cases.

### 4.—Same—State and Municipal Law—No Conflict.

This court has been unable to discover a conflict between the State law and the ordinance on the question involved.

From Dallas County.

Original application for writ of habeas corpus calling into question the validity of a conviction for violation of a city ordinance.

The opinion states the case.

*W. Gregory Hatcher,* for relator.—Upon conflict State and Municipal law: Flood v. State, 19 Texas Crim. App., 587; Angerhoffer v. State, 15 id., 613; Mandell v. State, 55 Texas Crim. Rep., 458.

*R. G. Storey,* Assistant Attorney General, and *Jas. J. Collins,* and *Carl B. Calloway,* for the State.—Cited Hanzel v. City of San Antonio, 221 S. W. Rep., 1537; Ruling Case Law, Volume 12, Chapter on Health.

MORROW, PRESIDING JUDGE.—By way of original application for writ of *habeas corpus,* relator calls in question the validity of his conviction for violation of an ordinance of the City of Dallas.

The complaint charges, in appropriate language, that he was the proprietor of a meat market and worked therein for more than five days "without a certificate from some reputable physician of the City of Dallas attesting that the bearer had been examined at any time within the last six months before the filing of this complaint and had been found free from infectious and contagious diseases."

Many grounds are specified in the application. None will be adverted to except such as are necessary in deciding whether there be a valid ordinance of the City of Dallas upon which the complaint may be lawfully based. Section 2 and subdivision (b) thereof reads thus:

"Herefater, it shall be unlawful for any person, firm, organization or corporation, operating a food products establishment, to work, employ, or to keep in their employ, any person infected with or affected by any infectious or contagious disease. It shall be unlawful for the proprietor to work in such an establishment if he is infected with or affected by any infectious or contagious disease, and all proprietors shall be subject to the medical examination hereinafter provided for."

"It shall. be unlawful for any individual, firm, corporation or organization operating any food establishment to employ any person to work in such establishment who, at the time of their employment, had not in his or her possession a certificate from some retpuable physician attesting the fact that the bearer has been *examined by such physician within one week prior to the time of employment, and that such examination discloses the fact that such person to be employed was free from any and all infectious or contagious diseases."*

The City of Dallas, in its charter, is given "the power to enact and enforce ordinances necessary to protect health, life and property, . . . to protect the lives, health and property of the inhabitants of said city, . . . and it shall have and exercise all powers of municipal government not prohibited by this charter, or by some general law of the State of Texas, or by the provisions of the Constitution of the State of Texas."

That the enactment of suitable legislation to protect the public health against the use of impure food is within the general scope of the police power is not an open question. Ex parte Drane, 80 Texas Crim. Rep., 543 and authorities there cited. See also Corzine v. State, 87 Texas Crim. Rep., 92; Corzine v. State, 227 S. W. Rep., 1102; Vaughan v. State, 86 Texas Crim. Rep., 225; Sanchez v. State, 27 Texas Crim. App., 14; Quaternick v. State, 84 Texas Crim. Rep., 40; Howard v. State, 80 Texas Crim. Rep., 588, S. ,W. Rep., 770; Ruling Case Law 1 and 23; Hanzal v. City of San Antonio, 221 S. W. Rep., 237.

The use of the term "medical examination" in the ordinance does not vitiate it on account of the rule against indefiniteness in criminal laws. . The ordinance says that "all proprietors shall be subject to the medical examination hereinafter provided for." In interpreting the word "Medical examination" it would be improper to consider the language italicized in Section (b) quoted above. It would seem, taking the ordinance complete, that it would not be indefinite or confusing, but that its fair interpretation is that by the term "medical examination" is meant *"an examination by a reputable physician disclosing that the person in question is free from all infectious or contagious diseases."*

This court takes no note of the form of the complaint, but in habeas corpus proceedings of this character will go no further than to determine whether the arrest or conviction is supported by a law under which a valid complaint may be drawn. See Ex parte Cox, 53 Texas Crim. Rep., 340; Ex parte Jennings, 76 Texas Crim. Rep., 116; Ex parte Rogers, 83 Texas Crim. Rep., 152; Ex parte Roquemore, 60 Texas Crim. Rep., 182; Ex parte McKay, 82 Texas Crim. Rep., 221; Ex parte Garcia, 90 Texas Crim. Rep., 287.

It is suggested that the ordinance is in conflict with the State law upon the same subject. If so, it must be confessed that we have been unable to discover it, and that it has not been pointed out. If in this

the relator be correct, he may make proper citation upon motion for rehearing.

The application is refused and the relator remanded into custody.

*Remanded to Custody.*