### Ex parte VAUGHAN. (No. 6719.)

(Court of Criminal Appeals of Texas. Dec. 20, 1922.)

**1. Food ⬤⇒1—Legislation to protect public health against use of impure food is within police power.**

The enactment of suitable legislation to protect the public health against the use of impure food is within the general scope of the police power.

**2. Municipal corporations ⬤⇒594(2) — Ordinance subjecting proprietors of food products establishments to "medical examination" hereinafter provided for held not indefinite or confusing when construed in entirety.**

A city ordinance subjecting proprietors of food products establishments "to the medical examination hereinafter provided for," and prohibiting the employment of any one to work therein without a certificate from a reputable physician that he has been "examined by such physician, * * * and that such examination discloses the fact that [he] was free from any and all infectious diseases," held not void as indefinite or confusing, the term "medical examination," taking the ordinance complete, meaning an examination by a reputable physician disclosing that the person examined is free from all infectious or contagious diseases.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Medical Examination.]

**3. Habeas corpus ⬤⇒95—Appellate court will determine merely whether arrest or conviction is supported by law under which valid complaint may be drawn.**

In habeas corpus proceedings questioning the validity of a conviction, the Court of Criminal Appeals takes no note of the form of the complaint and will go no further than to determine whether the arrest or conviction is supported by a law under which a valid complaint may be drawn.

Original application by G. H. Vaughan for writ of habeas corpus. Application refused, and relator remanded into custody.

W. Gregory Hatcher, of Dallas, for appellant.

Jas. J. Collins and Carl B. Callaway, both of Dallas, and R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. By way of original application for writ of habeas corpus, relator calls in question the validity of his conviction for violation of an ordinance of the city of Dallas.

The complaint charges, in appropriate language, that he was the proprietor of a meat market and worked therein for more than five days "without a certificate from some reputable physician of the city of Dallas attesting that the bearer had been examined at any time within the last six months before the filing of this complaint and had been found free from infectious and contagious diseases."

Many grounds are specified in the application. None will be adverted to except such as are necessary in deciding whether there be a valid ordinance of the city of Dallas upon which the complaint may be lawfully based. Section 2 and subdivision (b) thereof reads thus:

"Hereafter it shall be unlawful for any person, firm, organization or corporation, operating a food products establishment, to work, employ, or to keep in their employ, any person infected with or affected by any infectious or contagious disease. It shall be unlawful for the proprietor to work in such an establishment, if he is infected with or affected by any infectious or contagious disease, and all proprietors shall be subject to the medical examination hereinafter provided for."

"It shall be unlawful for any individual, firm, corporation or organization operating any food establishment to employ any person to work in such establishment who, at the time of their employment, had not in his or her possession a certificate from some reputable physician attesting the fact that the bearer has been *examined by such physician within one week prior to the time of employment, and that such examination discloses the fact that such person to be employed was free from any and all infectious or contagious diseases.*"

The city of Dallas, in its charter, is given—

"the power to enact and enforce ordinances necessary to protect health, life, and property, * * * to protect the lives, health, and property of the inhabitants of said city, * * * and it shall have and exercise all powers of municipal government not prohibited by this charter, or by some general law of the state of Texas, or by the provisions of the Constitution of the state of Texas."

[1] That the enactment of suitable legislation to protect the public health against the use of impure food is within the general scope of the police power is not an open question. Ex parte Drane, 80 Tex. Cr. R. 543, 191 S. W. 1156, and authorities there cited. See, also, Cozine v. State, 87 Tex. Cr. R. 92, 220 S. W. 102; Corzine v. State (Tex. Cr. App.) 227 S. W. 1102; Vaughn v. State, 86 Tex. Cr. R. 255, 219 S. W. 206; Sanchez v. State, 27 Tex. App. 14, 10 S. W. 756; Quaternick v. State, 84 Tex. Cr. R. 40, 204 S. W. 328; Howard v. State, 80 Tex. Cr. R. 588, 192 S. W. 770, L. R. A. 1917D, 391; Ruling Case Law, vol. 11, p. 1095, § 2, and page 1103, § 9, and volume 12, p. 1271, §§ 1 and 23; Hanzal v. City of San Antonio (Tex. Civ. App.) 221 S. W. 237.

[2] The use of the term "medical examination" in the ordinance does not vitiate it on account of the rule against indefiniteness in criminal laws. The ordinance says that "all proprietors shall be subject to the medical examination hereinafter provided for." In in-

terpreting the words "medical examination" it would be proper to consider the language italicized in section (b), quoted above. It would seem, taking the ordinance complete, that it would not be indefinite or confusing, but that its fair interpretation is that by the term "medical examination" is meant "an examination by a reputable physician disclosing that the person in question is free from all infectious or contagious diseases."

[3] This court takes no note of the form of the complaint, but in habeas corpus proceedings of this character will go no further than to determine whether the arrest or conviction is supported by a law under which a valid complaint may be drawn. See Ex parte Cox, 53 Tex. Cr. R. 240, 109 S. W. 369; Ex parte Jennings, 76 Tex. Cr. R. 116, 172 S. W. 1143; Ex parte Rogers, 83 Tex. Cr. R. 152, 201 S. W. 1157; Ex parte Roquemore, 60 Tex. Cr. R. 282, 131 S. W. 1101, 32 L. R. A. (N. S.) 1101; Ex parte McKay, 82 Tex. Cr. R. 221, 199 S. W. 637; Ex parte Garcia, 90 Tex. Cr. R. 287, 234 S. W. 892.

It is suggested that the ordinance is in conflict with the state law upon the same subject. If so, it must be confessed that we have been unable to discover it, and that it has not been pointed out. If in this the relator be correct, he may make proper citation upon motion for rehearing.

The application is refused, and the relator remanded into custody.