### EX PARTE F. J. MIHLFREAD.

No. 17714. Delivered May 22, 1935.

The opinion states the case.

*B. W. Smith*, of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Relator is charged by complaint in the corporation court of the city of San Angelo with having connected with him in his business of photography a solicitor, it being averred that said employee solicited patronage for relator's business without relator having first paid the tax assessor of the City of San Angelo the fifty-dollar annual-license fee required by a city ordinance. Upon being taken into custody relator sought his release by way of habeas corpus and was remanded to custody, Hence this appeal.

Relator insists that the ordinance under which the complaint was drawn is invalid on several grounds. It is provided in said ordinance that persons engaged in photography in the city of San Angelo shall obtain a license and pay an annual fee of ten dollars. A further provision is to the effect that, in addition to the annual fee of ten dollars, each photographer shall pay an annual fee of fifty dollars for each solicitor engaged or connected with him in soliciting business. We quote: "The term 'solicitor' herein shall mean any person whose principal business or occupation is going from house to house, or from store to store, or from place of business to place of business, or from building to building soliciting patronage for any person, firm, corporation or association of persons engaged in the business of photography." One section of the ordinance requires that a photographer who engages in person or by solicitor in collecting money in advance shall make bond in the sum of at least one thousand dollars conditioned that said photographer will carry out his contract, etc.

It is conceded that the State has not required an occupation tax on persons engaged in the business of photography. Hence, if the city has undertaken to levy an occupation tax on photographers, the ordinance is void, as the Legislature must determine that the occupation may be taxed for the benefit of the State before municipal corporations may tax it at all. Hoefling el al. v. City of San Antonio, 20 S. W., 85. If the said tax is levied for regulation under the police power of the city and not for revenue, then the opinion is expressed that the ordinance is invalid for the reason that the proof was uncontroverted that the tax was prohibitory in so far as the fee of fifty dollars for each solicitor employed was concerned. Although a fee for a license may be exacted when the purpose of the tax is to regulate the business under the police power, still such fee may be exacted only as will legitimately assist in

the regulation. Hoefling et al. v. City of San Antonio, supra. The business of photography is a legitimate one, and is per se innocent. The city is without power to levy a license tax that will be prohibitory. We quote the language of the Supreme Court in Sam's Loan Office, Inc. v. City of Beaumont, 49 S. W. (2d) 1089, as follows: "Since the right to sell goods at auction is a valuable one, duly licensed and protected under the laws of this State, it follows that it is a right duly protected under the above constitutional provision. Also, since such is the case, and since the city only has the delegated power to regulate, it further follows that the city is without power to either directly or indirectly prohibit such business, or adopt any regulation which will produce such result, or even be unduly oppressive or highly injurious thereto, and any ordinance in contravention of the above rule is condemned by the above constitutional provision. 6 C. J., p. 823, Ex parte Manor, 96 Texas Crim. Rep., 552, 258 S. W., 1063; Wiggins v. Chicago, 68 Ill., 378; Wright v. May, 127 Minn., 150, 149 N. W., 9, L. R. A., 1915B, 151."

The constitutional provision referred to in the foregoing quotation is sec. 19, Art. 1, of our State Constitution, which reads as follows: "No citizen of this state shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

We quote from 37 C. J., page 192, as follows: "In accordance with general rules as to prohibitory legislation, in regard to licenses, if a license fee or tax is so high as to be virtually confiscatory or prohibitive of a useful and legitimate occupation or privilege, or to create a monopoly for the benefit of a few, the act or ordinance imposing it is invalid. * * * But as to occupations or privileges which are in their general effect injurious or offensive to the public welfare, fees or taxes that are practically prohibitive may be imposed; except that such a tax can be imposed by a municipality only where such power has been conferred upon it."

We deem it unnecessary to determine whether the tax in question has been levied for revenue or for the purpose of regulation. In either event, the ordinance is unconstitutional for the reasons stated.

The judgment is reversed and relator ordered discharged.

*Reversed and relator ordered discharged.*

MORROW, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.