EX PARTE L. V. PATTERSON.

No. 19837.   Delivered May 18, 1938.

The opinion states the case.

*Glenn R. Lewis,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—This is an appeal from the order of the judge of the county court of Haskell County refusing to discharge the relator upon his application for a writ of habeas corpus.

The relator was charged by complaint filed in the corporation court of the City of Haskell, Texas, with the violation of a city ordinance which reads in part as follows:

"Art. 2, Sec. 2.  No person, firm or association of persons shall pursue the business of soliciting or taking orders for any goods, wares, merchandise, periodicals, newspapers, or 'sheet writers' of whatsoever description within the corporate limits of the City of Haskell, Texas, at any place other than as prohibited in Section 1 of this Article without having paid a license to and having obtained a permit from the Tax Collector of the City of Haskell, Texas.

"Art. 2, Sec. 3.  Any person, firm or association of persons desiring to take orders for any goods, wares, merchandise, newspapers, periodicals or 'sheet writers' as above set out at any place other than as prohibited in Section 1 hereof shall first pay to the Tax Collector of the City the sum of $25.00 and secure a permit for such purpose, which permit shall entitle the holder of the same to take orders for any one article therein specified

within the corporate limits of the City of Haskell, Texas, at any place other than as prohibited in Section 1 hereof.

"Art. 9, Sec. 4. Any person, firm or association of persons violating any of the provisions of this ordinance or any of the articles or sections hereof shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than $5.00 nor more than $100.00 and each day such operations, professions, callings, exhibitions, shows and the like herein specified shall be conducted or held in violation of the terms hereof shall be deemed a separate offense and punishable as such.

"Art. 9, Sec. 1. Any tax or license fee imposed by the terms of this ordinance shall be paid in full for the entire period such license thereunder is authorized to be issued and no part thereof shall be refunded at any time for any reason. By this is meant that where any certain tax or license fee is set out, upon payment of which tax or license fee the Tax Collector is authorized to issue a permit to engage in such business for a period of a year or for some other period herein specified, that such tax or license fee shall be collected for such entire period and not for any month, quarter or like division."

The relator was employed as a solicitor by the Western Mattress Company of San Angelo, Texas. The principal business of the company mentioned was renovating mattresses, in addition to selling mattresses, studio couches, bed springs, box springs, etc. Under the terms of the ordinance mentioned the company would be compelled to pay a fee of $25.00 for the privilege of taking orders for each article in question within the limits of the city of Haskell, which amount, the owner of the company testified he would be unable to pay and do business in that city.

Relator contends that the ordinance in question is void for the reason that it attempts to levy an occupation tax upon persons pursuing the business of soliciting or taking orders for "any goods, wares, merchandise, periodicals, newspapers, or 'sheet writers' of whatsoever description." In support of this contention the relator cites the following cases: Hoefling et al. v. City of San Antonio, 85 Texas 228, 20 S. W. 85; 16 L. R. A. 608; Ex parte Mihlfread, 83 S. W. (2d) 347; Ex parte Dreibelbis, 109 S. W. (2d) 476.

We are unable to find any precedents to the effect that the State has levied an occupation tax upon persons soliciting business of the nature pursued in the present instance. Before a city can levy an occupation tax on solicitors, the Legislature must determine that the occupation may be taxed for the benefit of the State. Such was the holding of this Court in Ex parte Mihlfread, supra, from which case we quote as follows: "If the

said tax is levied for regulation under the police power of the city and not for revenue, then the opinion is expressed that the ordinance is invalid for the reason that the proof was uncontroverted that the tax was prohibitory in so far as the fee of $50 for each solicitor employed was concerned. Although a fee for a license may be exacted when the purpose of the tax is to regulate the business under the police power, still such fee may be exacted only as will legitimately assist in the regulation."

The ordinance under consideration is clearly an attempt to levy an occupation tax upon a legitimate business on which such a tax has not been imposed by the Legislature of the State, and is therefore violative of the Constitution as well as the statutes.

The obvious invalidity of the ordinance in question precludes any decision by this Court other than to discharge the relator, which is accordingly ordered.