

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Industrial Accident Board
Austin, Texas

Gentlemen:

Opinion No. O-1088
Re: Answering the question to what
extent the Industrial Accident
Board may require an injured em-
ployee to stand a medical exam-
ination under Article 8307, Sec.
4 of the Revised Statutes.

Your letter of June 29, 1939, with your request for
the interpretation of this department of paragraph 2 of
Section 4 of Article 8307 of the Revised Statutes, and our
interpretation of the words "physical examination" contain-
ed therein, received.

In order to properly construe paragraph 2 of said
section, it is necessary to examine the entire section,
the material portions of which read as follows:

"The Board may make rules not inconsistent
with this Law for carrying out and enforcing its
provisions, and may require any employee claiming
to have sustained injury to submit himself for
examination before such Board or someone acting
under its authority at some reasonable time and
place within the State, and as often as may be
reasonably ordered by the Board to a physician or
physicians authorized to practice under the Laws
of this State. If the employee or the Association
requests, he or it shall be entitled to have a phy-
sician or physicians of his or its own selection
present to participate in such examination. Re-
fusal of the employee to submit to such examination
shall deprive him of his right to compensation
during the continuance of such refusal. When a
right to compensation is thus suspended no compensa-
tion shall be payable in respect to the period of

Industrial Accident Board, Page 2.

suspension. If any employee shall persist in insanitary or injurious practices which tend to either imperil or retard his recovery, or shall refuse to submit to such medical or surgical treatment or other remedial treatment recognized by the State, as is reasonably essential to promote his recovery, the Board may in its discretion order or direct the Association to reduce or suspend the compensation of any such injured employee. No compensation shall be reduced or suspended under the terms of this Section without reasonable notice to the employee and an opportunity to be heard.

"When authorized by the board, the Association shall have the privilege of having any injured employee examined by a physician or physicians of its own selection, at reasonable times, at a place or places suitable to the condition of the injured employee and convenient and accessible to him. The Association shall pay for such examination and the reasonable expense incident to the injured employee in submitting thereto. The injured employee shall have the privilege to have a physician of his own selection present to participate in such examination. Provided, when such examination is directed by the board at the request of the Association, the Association shall pay the fee of the physician selected by the employee, such fee to be fixed by the Board."

There is nothing in the above article which refers in any way to a "physical examination." It does provide for a "medical examination" or an examination made by one or more physicians. We presume, therefore, that what you desire is our construction of an "examination by a physician" within the contemplation of said Article; since this is the only kind of an examination provided under said statute, we will so treat your question in this reply.

Under said Article the courts have held that the Industrial Accident Board is not compelled to force an employee to submit to an examination. If, however, the Board, in its discretion, thinks that an examination should be made by a physician or physicians, it has the power to require the employee to submit to said examination at the hands of physicians which have been duly designated by the Board.

Industrial Accident Board, Page 3.


In Texas Employers Insurance Ass'n. v. Arnold, 105 S.W. (2d) 687, the court held that the Board, as well as the trial court (after same had been appealed to the trial court), had the power to require the injured employee to stand an examination by a doctor, but that neither the Board nor the trial court were compelled so to do.

In Indemnity Insurance Co. vs. Murphy, 53 S.W. (2d) 506, the court held that the Board had the power to compel the employee to submit to a medical examination and that after the cause reached the trial court, it had the same power.

In Petroleum Casualty Co. v. Bristow, 35 S.W. (2d) 246, the Court held that the trial court might, but was not required to make the injured employee have an ex-ray examination.

In United States Fidelity & Guaranty Co. v. Nettles, 35 S.W. (2d) 1045, the court held that the appellate court would not reverse a case because the trial court refused to require a medical examination, unless it appeared that the trial court had abused its discretion.

In 74 S. W. (2d) 122, Traders & General Insurance Co. v. Low, the court stated that an arbitrary refusal on the part of the trial court to require the employee or claimant to stand a medical examination would doubtless be reversible error.

While each of the cases above cited (and a number of others could be added along the same line) hold in general language that the board or the trial court may require the claimant or employee to stand a medical examination, said rule, we think, would be controlled by the general rule of law as laid down by our Supreme Court in Austin & N.W. Railway vs. Cluck, 97 Tex. 172, 77 S.W. 402, which has been followed up to the present time. Therein the Supreme Court stated that the court could not require a party to submit to a medical examination, but that the complainant or injured employee could be asked whether he was willing to submit to a medical examination, and if he refused, that fact could be argued to the jury against his right to recover as well as against his testimony that he had received any injury.

The correct rule, we think, is accurately stated in 24 Tex. Juris. 441 as follows:

"Notwithstanding the fact that the plaintiff in a personal injury action may refuse to submit to a physical examination, the refusal to submit to an examination by disinterested physicians may be

brought before the jury to be considered by them in determining the credibility and sufficiency of the testimony of the plaintiff."

Section 4, Article 8307, which is here under review, provides for the appointment of a physician by the Board to examine the injured employee under the conditions named therein, and provides:

"Refusal of the employee to submit to such examination shall deprive him of his right to compensation during the continuance of such refusal. When a right to compensation is thus suspended, no compensation shall be payable in respect to the period of the suspension."

If the injured employee refuses to submit to a medical examination at the hands of the physician appointed under the provisions of said Article, then the Board has the right and the authority to deprive him of any and all compensation during the continuance of such refusal.

The question of the kind of an examination the doctor shall make is left entirely to the discretion of the physician. The law provides that the injured employee may, if he desires, have his own physician present while the examination is being made, and if the examination is being made at the request of the Association, the fee charged by the employee's doctor must also be paid by the Association. The Legislature has not attempted to state the kind of examination that the doctor must or can make. It is a professional examination and the physician has the right to make same in such manner as will enable him to give an accurate diagnosis of the case and enable him to give an expert medical opinion relative to the extent and duration of the disease or injury or malady caused by the accident. The statute does not authorize the physician to perform an operation, but it does authorize him to make a complete and full examination of the injured employee.

In support of our construction of the Article under review, we call attention to Section 12b, Article 8306, which provides that in claims for hernia the Board can order an operation and if the employee refuses to submit to an operation, he can then only recover compensation for incapacity under the general provisions of the Workmens Compensation Law, not to exceed one year. In Tally vs. Texas Employment Insurance Association, 48 S. W. (2d) 988, the court had this

Industrial Accident Board, Page 5.

particular section under review and held that same was valid and that a failure of the employee to submit to an operation limited him in his recovery under the Workmens Compensation Act.

The definition of the term "medical examination" was discussed in ex parte Vaughan, 246 S.W. 373, the Court of Criminal Appeals, in passing upon an ordinance of the City of Dallas which required all workers in restaurants to have a "medical examination" to determine if they had any infectious or contagious disease. The court stated that the term "medical examination" as used in said ordinance meant "an examination by a reputable physician declaring that the person is free from all infectious or contagious disease," leaving it entirely to the doctor making the examination to use such means and methods as he, the doctor, deemed necessary from a professional or medical standpoint in order to give the required certificate.

Under the second paragraph of section 4, Article 8307, quoted by you in your inquiry, if you by your rules have authorized same, the Association has the right to have an injured employee examined by a physician selected by the Association, provided the employee may take with him his, the employee's, personal physician to be present to participate in such examination. If the injured employee refuses to submit to said examination, then the Board may thereafter, under the provisions of the first paragraph under said Article, deprive the employee of all compensation during the period of time which he, the employee, continues to refuse to submit to said examination.

The injured employee does not have the right to take with him into the examination anyone except his own personal physician. The injured employee and the examining physician can by agreement permit any other person to be present at said examination. If either objects, no one except the physician appointed to make the examination and the employee's physician can be present.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

George W. Barcus
Assistant

APPROVED JUL 13, 1939
GWB:pbp

APPROVED
OPINION
COMMITTEE
BY WRK
CHAIRMAN