## EX PARTE W. L. LEWIS.

No. 20868. Delivered February 5, 1941.

The opinion states the case.

*Shead & Smith,* of Longview, for appellant.

*William Caven,* City Attorney, of Marshall, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

All former opinions herein are withdrawn, and the following substituted therefor:

Relator was charged by complaint with having violated the following ordinance of the city of Marshall in Harrison County:

### "An Ordinance

"An ordinance prohibiting soliciters, peddlers, itinerant merchants and transient vendors of merchandise from going upon the premises of private residences without an invitation of the owner or occupant thereof: Providing a permit: Fixing a penalty: and declaring an emergency.

"Be It Ordained by the Commission of the City of Marshall:

"Section 1: That after the passage of this ordinance it shall be unlawful for any solicitors of orders for merchandise, peddlers, itinerant merchants, transient vendors of merchandise to go in and upon the premises of a private residence, in the City of Marshall unless requested or invited so to do by the owner or occupant of said private residence for the purpose of soliciting orders for the sale of goods, wares and merchandise, or for the purpose of disposing of or peddling the same.

"Section 2: Every solicitor of orders for the sale of merchandise, peddler, itinerant merchant or transient vendor of merchandise, shall obtain a permit from the City Manager of the City of Marshall before soliciting any orders offering for sale or selling any goods, wares or merchandise in the City of Marshall, and it shall be the duty of the City Manager to make investigation of all persons offering so to do to determine their authority for making such sales and taking such orders, and before issuing a permit shall determine that they actually represent the parties they so claim to represent and that they are an actual bona fide representative of a reliable concern. Unless he so finds he shall refuse to issue a permit for the taking of orders and the selling of merchandise in the City of Marshall.

"Section 3: Any person who shall violate any of the provisions

of this ordinance shall be deemed guilty of a misdomeanor and fined in any sum not to exceed $100.00."

This ordinance is attacked on the grounds that same is unreasonable, arbitrary and void, and is violative of the Constitutions both State and Federal in that same is "an abridgment of the right of contract, and use of the streets of Marshall without due course of law." We gather that the burden of the last portion of such objection rests in the fact that those occupying private residences are the only persons to say whether or not a person mentioned in the above quoted ordinance may come upon the premises of such a private residence, thus leaving to such residents the power to say whether or not it would be an offense to come upon such premises.

The reason for the passage of Section 1 of this ordinance is suggested to be the inconvenience of the housewife who would be ofttimes called from her duties as such to her door to engage in a controversy with some transient peddler of unwanted wares relative to whether she should purchase same, and the possible breaking down of her resistance, leaving her in possession of some article later proven unsatisfactory, sold to her by one here today and gone tomorrow, with no proper backing nor responsibility.

That the governing body of a city or town has the power to pass an ordinance of like import to the one under consideration, we think, is plainly shown to have been delegated to such bodies by the State Legislature under Art. 1015, Section 37, Revised Civil Statutes, 1925, which reads as follows:

"Art. 1015. Other powers.—The governing body (of the city) shall also have power: x x x 37. Peddlers, theaters, etc.—To license, tax and regulate or suppress and prevent hawkers, peddlers, pawnbrokers and keepers or other exhibitions, shows and amusements."

The case of Town of Green River v. Fuller Brush Co., reported in 88 A. L. R., p. 177, also found in 65 Fed. (2d) 112, was one of like import to the matter here at issue. The Town of Green River in Wyoming passed an ordinance prohibiting solicitors, peddlers, hawkers, itinerant merchants and transient vendors of merchandise from going on private premises for the purpose of pursuing their avocation unless invited so to do by the owner or occupant of said private residence. This ordinance was assailed as in violation of the Federal Constitution as depriving the Brush Company of its property without due process

of law, and denying to it the equal protection of the law, and an interference with interstate commerce. That court held none of these objections applied to such ordinance. In that case, the Legislature had given to the municipality the power to declare nuisances and to abate them, while in the one here in question the Legislature has granted the city the power to *regulate* or *suppress and prevent* hawkers and peddlers. In the Wyoming Case, supra, it was held that such ordinance was an appropriate exercise of the police power.

In Schmidinger v. Chicago, 226 U. S. 578, 33 Sup. Ct. 182, 184, 57 L. Ed. 364, the Supreme Court said:

"This court has frequently affirmed that the local authorities intrusted with the regulation of such matters, and not the courts, are primarily the judges of the necessities of local situations calling for such legislation, and the courts may only interfere with laws or ordinances passed in pursuance of the police power where they are so arbitrary as to be palpably and unmistakably in excess of any reasonable exercise of the authority conferred."

It is also worthy of note that Art. 479, P. C., provides that:

"Any peddler or hawker of goods or merchandise who enters upon premises owned or leased by another and wilfully refuses to leave said premises after having been notified by the owner or possessor of said premises, or his agent, to leave the same, shall be fined not less than one nor more than twenty-five dollars."

This act was passed in 1913, and does not seem to have been questioned, and it occurs to us that if one can be punished for not leaving certain premises when properly notified to do so, it would also be not unreasonable to say that an ordinance prohibiting such an one from going on certain premises unless invited so to do was a legitimate exercise of the police power under Art. 1015, Sec. 37, supra.

Under the powers conferred on a municipality by Art. 1015, Sec. 37, supra, we are of the opinion that this ordinance is a valid exercise of the police power not only inherent but also granted thereby to the city of Marshall.

Section 2 of the ordinance would seem to us to be but an exercise of the inherent power lodged in a city government to protect its citizenship from fraudulent schemes and devices having for their purpose the defrauding of the citizens by causing them

to enter into tentative contracts with irresponsible persons incapable of carrying out such contracts as made. We are not primarily concerned with Section 2 of this ordinance, the complaint under which relator is held being for a violation of Section 1.

It has been contended, however, that the two sections of this ordinance are in direct conflict with each other. We do not think so. Under this ordinance we think it is the duty of each peddler, transient merchant or itinerant merchant, to obtain a permit so to do from the city authority; it is also further his duty, if he expects to make his sales or solicitations at private residences, to do so either by invitation of such resident, or permission thereof.

We do not think the ordinance is unreasonable nor arbitrary, but is a fair application of the police power inherent in the governing power, and granted to municipalities by statutory enactment.

The judgment is affirmed.