EX PARTE RICHARD RYAN.

No. 21603. Delivered April 9, 1941.
Rehearing Denied May 21, 1941.

The opinion states the case.

*Russel Bonham* and *Mary Nan Bonham,* both of Houston, for appellant.

*Dan W. Jackson,* Criminal District Attorney, *Ed Duggan W. H. Davidson, Jr.,* and *Tod Adams,* Assistant District Attorneys, all of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

CHRISTIAN, Judge.

Appellant was convicted in the County Court at Law No. 2 of Harris County under a complaint and information charging an aggravated assault. No appeal from the judgment of conviction was taken to this court. Three or four months after conviction appellant made application to the court in which he was convicted for writ of habeas corpus alleging, in effect, that the complaint and information were void in that their allegations relative to venue were insufficient. The writ was granted, and, after a hearing, appellant was remanded to custody. Hence this appeal.

It appears to be appellant's contention that venue was not directly alleged and that it does not appear from the complaint and information, except inferentially, that the offense was committed in Harris County. In Ex Parte James Robinson,

Opinion No. 21,602, this day delivered, (page 61 of this volume) it is shown that the complaint and information there considered embraced averments touching venue substantially the same as those in question in the present case. We held the averments in Robinson's case to be sufficient. We therefore deem it unnecessary to enter into further discussion of the question.

Even if it should be conceded—and it is not conceded—that venue is not shown in the complaint and information, except inferentially, it is not clear that appellant was entitled to be discharged on habeas corpus. In Ex Parte Vaughn, 246 S. W. 373, Judge Morrow, speaking for the court, used language as follows:

"This court takes no note of the form of the complaint, but in habeas corpus proceedings of this character will go no further than to determine whether the arrest or conviction is supported by a law under which a valid complaint may be drawn. See Ex parte Cox, 53 Tex. Cr. R. 240, 109 S. W. 369; Ex parte Jennings, 76 Tex. Cr. R. 116, 172 S. W. 1143; Ex parte Rogers, 83 Tex. Cr. R. 152, 201 S. W. 1157; Ex parte Roquemore, 60 Tex. Cr. R. 282, 131 S. W. 1101, 32 L. R. A. (N. S.) 1101; Ex parte McKay, 82 Tex. Cr. R. 221, 199 S. W. 637; Ex parte Garcia, 90 Tex. Cr. R. 287, 234 S. W. 892."

See Ex parte Helton, 79 S. W. (2d) 139.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a motion for rehearing in this case which embraces a question similar to or like the one presented in the case of Ex parte James Robinson, No. 21,602, this day decided on motion for rehearing. (Page 61 of this volume.) For the reasons assigned in our opinion on motion for rehearing in that case, we overrule the motion for rehearing in the present instance.

· The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.