## Ex Parte L. G. Faulkner, Jr.

No. 22006. Delivered February 4, 1942.

The opinion states the case.

*Griffin & Morehead,* of Plainview, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP; Judge.

This proceeding, instituted originally in this court, is an attack upon Ordinance No. 85 of the City of Canyon, Texas, and upon Section 2 thereof, reading as follows:

"SECTION 2. NUISANCE TO MAKE UNINVITED CALLS AT RESIDENCE.

"The practice of going in and upon private residences in the City of Canyon, Texas, by solicitors, peddlers, hawkers, itinerant merchants, transient vendors of merchandise, not having been requested or invited to do so by the owner, or owners, occupant or occupants of said private residences, for the purpose of soliciting orders for the sale of goods, wares and merchandise, or for the purpose of disposing of or peddling or hawking the same, is hereby declared to be a nuisance and punishable as such nuisance as a misdemeanor."

The ordinance further provides as punishment a fine not to exceed $100.00 for each sale or call as described in said section.

Relator, a citizen of the State of Missouri, was charged by complaint with soliciting subscriptions for a magazine in violation of the foregoing ordinance. He now seeks release from custody of the sheriff, alleging the ordinance is void.

Relator relies chiefly for his contention on the Commerce Clause of the Constitution of the Unitetd States and many decisions relating thereto. We will be unable to sustain his contention that the ordinance is invalid as being a restraint on interstate commerce or on the other cited provisions of the Federal Constitution. We will content ourselves, however, with this holding without an extended discussion, because there have been so many opinions written and will be so many more by courts that are called upon more frequently than this one to pass on such questions that we find ourselves at once confronted with conflicts of decisions too numerous for us to attempt to reconcile them. We find so many tangents to investigate that we fear we will be unable to avoid some of them ourselves; and we are furthermore, confronted with the likelihood that the tone of a discussion which may be given by this or any other court on an extended discussion of the subject might soon be modified. It is sufficient for us to say that a conclusion

will be reached independent of this question so far as the particular case before us is concerned, and that the proper disposition of the case will not depend upon the view which we take, and on the applicability of the Commerce Clause, which we do not hesitate to say does not apply here.

The next question relates to the power of the city and its rights under the laws of the State of Texas to prohibit soliciting and peddling upon privately owned property within its bounds. It is emphatically said in Ex parte Hogg, 156 S. W. 931, and a long line of cases consistently following it, that the city has the power to prohibit hawkers, peddlers and solicitors on its streets and on the public square and market places. This will now be recognized as the proper police power of the municipality, the authority for which will not be questioned. The ordinance before us goes further. It attempts to prohibit any person from "going in and upon private residences in the City of Canyon, Texas, * * * * for the purpose of soliciting orders for the sale of goods, wares and merchandise, or for the purpose of disposing of or peddling or hawking the same." It declares such conduct to be a nuisance and that is the basis for the claim of the right to exercise the police powers over this class of business and to prohibit it.

The State relies upon the authority of the town of Green River v. Fuller Brush Company, 65 Fed. (2d) 112, 88 A. L. R. 177, and Ex parte Lewis, 147 S. W. (2d) 478. It is admitted that there are contrary decisions to this federal case. We note that the annotations in 88 A. L. R. p. 183, reach the conclusion that while there are conflicting decisions, more states have followed the Green River case than they have any case holding the opposite view. The matter of numbers does not present itself as forceful argument. We are concerned primarily with the powers that have been delegated to the municipality by the laws of our own state. From an examination of the authorities we doubt, too, that the same forceful argument has supported those decisions which followed the Green River case; and, while we concur in the view expressed as the deciding factor in that case that it was not a proper subject for the equity courts and that equitable remedy should be denied, we are not able to embrace the doctrine that soliciting and peddling have become such a nuisance because of the practices indulged and that it is so general that courts will be able to take judicial knowledge that it is always a nuisance.

The City of Canyon makes no distinctions and allows no opportunity for the party who has the sale of a useful and valuable article at a reasonable price and those who are able to present a worthless article and so paint it as to be able to attract the interest of the general public. The constant ringing of door bells, the nauseating insistence of unskilled salesmen, the audacity of some, may not be the characteristics of all. It is a matter of common knowledge that many useful articles have no avenue through which to reach the general public save and except by specialty salesmen. Some might not be properly demonstrated except by one especially trained to do so. Some articles are of such general use and in demand that the insistence of salesmen of themselves is not to the public detriment. The Holy Bible is a notable example. It has been placed in many homes where it would not be except for the solicitation of some one especially interested in presenting it. It is not believed that the legislative body of the municipality or any agency it may establish can, with justice and accuracy, be able to say that all articles thus presented and sold should not be so placed on the market or that the conduct of all salesmen constitute them a nuisance. It is sufficient that the municipality be given the power to establish an available agency with facilities for looking into the merits of all goods to be sold and the responsibility and methods of the parties selling them and, therefore, be able to say whether or not they should be permitted to operate within the bounds of such municipality. This is the general summary of the reasoning of cases within the jurisdiction of our state and of other states which we prefer to follow.

The State relies upon Ex parte Lewis, 147 S. W. (2d) 478, as above indicated, and it is probably not unwarranted in doing so because the language used following the discussion of Article 479 of the Penal Code therein quoted may be construed to indicate this. We think, however, that this decision must be read in the light of the question which was before us. If it is confusing, it may be sufficient in removing that confusion to say that it is the law of the case there under consideration. It will be noted, however, that the ordinance in question was passed by the City of Marshall for the purpose of regulating solicitation upon private premises and made no attempt to prohibit it. This distinguishes it from the case now before us and removes it as an authority upon which the State may rely.

Affirming our belief in the doctrine in all that line of cases

which hold that the municipality has control over the sale of goods on the streets and other public places so long as it does not work an unlawful discrimination in favor of certain parties, we are, at the same time, unable to find that our Legislature has, or may, delegate to the municipality the right to prohibit solicitors from going in and upon private property for the purpose of selling their wares. Although it has exercised the right to regulate such, thereby delegating to the municipality such rights in the matter as discussed in Ex parte Lewis, supra, it has not gone far enough to prohibit it, and the question of its authority to go that far is not before us.

Concluding that the ordinance is void, the proper writ will issue discharging the relator from the custody of the sheriff of Randall County.