**HOUSTON CREDIT SALES CO. et al.**

v.

**CITY OF TRINITY et al.**

No. 3178.

Court of Civil Appeals of Texas.

Waco.

June 3, 1954.

Rehearing Denied June 24, 1954.

Harold Kahn, Houston, for appellants.

Hutson & Cauthan, Trinity, for appellees.

HALE, Justice.

This is a suit for a declaratory judgment and injunctive relief. Appellants, Houston Credit Sales Co., a partnership, and C. H. Lindsey, brought the action against appellees, the City of Trinity and its Mayor and City Marshal, joining the Attorney General of Texas as a party pro forma under the provisions of the Uniform Declaratory Judgments Act. Appellants alleged that a certain ordinance passed by the City on

November 11, 1952, purporting to define and regulate itinerant merchants, vendors and peddlers was unconstitutional and void because it was violative of art. VIII, § 1 of the Vernon's Ann.St. Constitution of Texas and of the Fourteenth Amendment to the Constitution of the United States. They prayed that the ordinance be held unconstitutional and that its enforcement be permanently enjoined. Appellees answered with a general denial and the Attorney General answered that the State of Texas had no interest in the subject matter of the litigation.

The case was tried before the court below without a jury and resulted in judgment declaring the ordinance to be a valid enactment and denying the relief sought by appellants.

The caption to the ordinance in controversy, being descriptive of its comprehensive provisions, reads as follows: "an ordinance defining and regulating itinerant merchants, itinerant vendors, peddlers, and persons selling or taking orders for goods, wares, merchandise, produce or photographs; providing for a license and a license fee; requiring a bond; exempting those engaged in interstate commerce from license fee and bond, but requiring such persons to register with the City Secretary; and providing penalties for violation of this ordinance, including a fine not less than $2.00 nor more than $200.00."

The ordinance provides, among other things, that it shall be unlawful for any person to pursue the occupation of itinerant merchant, itinerant peddler, transient merchant or transient peddler of goods, wares and merchandise in the City of Trinity, or for any person to go from house to house, or from place to place in the City of Trinity, soliciting, selling or taking orders for any goods, wares or merchandise without having first applied for and obtained a license so to do from the City Secretary. The ordinance defines an itinerant merchant or an itinerant vendor as being any person engaged in any of the activities above mentioned, but it does not define or purport to define "peddler" or "peddling."

It further provides for the payment of a license fee of $100 per month or $10 per day as a condition precedent to the issuance of a license to an itinerant merchant or itinerant vendor.

The evidence showed and the trial court found that Houston Credit Sales Co. was engaged in selling dry goods, household goods, dishes and kitchen utensils in Trinity on November 11, 1952 through its agent, Lindsey, who went from house to house in the City in connection with the sale of such merchandise on credit, thereafter collecting for it in weekly installments. Lindsey spent only one-half day each week in Trinity. The Credit Sales Company had been engaged in carrying on its business in Trinity for a number of years. The evidence further showed that from October of 1952 to February of 1953, Lindsey's collections in Trinity amounted to an average of $22 per week. As compensation for his services, Lindsey received a commission of 35% on all collections. After the payment of the agent's commission of 35%, the Sales Company realized a net profit of approximately 10% on weekly collections made by Lindsey. The evidence further showed that Trinity has a population of less than 2,500 people.

Appellants say the charge exacted of them as a condition precedent to the lawful pursuit of their occupation or business in the City of Trinity, although denominated a license fee, is so large as to show conclusively that the purpose of the ordinance was to impose an occupation tax upon them, in violation of the Constitution of Texas, and that the effect of such charge, whether it be regarded as a tax or a license fee, was such as virtually to prohibit them from the pursuit of their occupation and business, in violation of the Federal Constitution. On the other hand, appellees say the charge was not imposed as a tax but was a license fee which was not intended as a revenue measure but as a means of enabling the City to partially defray the expense of enforcing the provisions of the licensing ordinance. Appellees further say that even though the amount of the charge exacted of appellants was so large as to prohibit them from the

pursuit of their occupation or business, the trial court was correct in holding that the City was authorized to pass the ordinance in question regulating peddlers and peddling, because the City had the power to prohibit such activity entirely, and, therefore, had the power to do anything less than that in the way of regulation.

■ We do not deem it necessary to determine whether the charge exacted of appellants as a condition precedent to the further pursuit of their occupation or business in the City of Trinity should be regarded as a tax or as a license fee, because in either event it is readily apparent to us that the charge of $10 per day, $100 per month or $1,200 per year is so large and excessive as to render the ordinance invalid in so far as its enforcement against appellants is concerned, for the reason that such oppressive exaction by a town of less than 2,500 population is manifestly prohibitive and confiscatory in its application to the business of appellants. Ex parte Mihlfread, 128 Tex.Cr.R. 556, 83 S.W.2d 347; Ex parte Dreibelbis, 133 Tex.Cr.R. 83, 109 S.W.2d 476; Ex parte Patterson, 134 Tex.Cr.R. 551, 116 S.W.2d 745.

In support of their contention that the City of Trinity had the power to prohibit peddlers and peddling within its corporate limits, appellees rely primarily upon the provisions of art. 1015, § 37 of Vernon's Tex.Civ.Stats., and the holding of the Texas Court of Criminal Appeals in Ex parte Lewis, 141 Tex.Cr.R. 83, 147 S.W.2d 478. The cited statute provides that the governing body of any city, town or village, as therein referred to, shall have power "to license, tax and regulate or suppress and prevent hawkers, peddlers, * * *." We know of no definition of hawkers or peddlers in the statutory law of Texas. While appellants clearly were engaged within the City of Trinity, in the occupation or business of itinerant merchants or itinerant vendors as defined in the ordinance before us, we doubt whether it can be said that they were hawkers or peddlers as such terms are generally understood in ordinary parlance or as such words are defined in current dictionaries. Furthermore, we cannot ascertain from the opinion in Ex parte Lewis, supra, what type of merchandise relator was charged with peddling, the manner in which he was peddling the same or whether his activity in that regard was or was not of such inherent nature as to amount to a nuisance per se.

■ But, be that as it may, the Texas Court of Criminal Appeals has held unequivocally in two cases decided since the opinion was handed down in Ex parte Lewis that a city has no authority to prohibit rather than to regulate the practice of going in and upon private residences within a city by all solicitors, peddlers, hawkers, itinerant merchants, transient merchants or transient vendors of merchandise, notwithstanding the provisions of art. 1015, § 37 of Vernon's Tex.Civ.Stats. See Ex parte Faulkner, 143 Tex.Cr.R. 272, 158 S.W.2d 525 and Ex parte Luehr, Tex.Cr.App., 266 S.W.2d 375. Certainly, the orderly sale of dry goods, household goods, dishes and kitchen utensels, whether such sale be made by itinerant merchants, solicitors or peddlers, is not an occupation or business of such inherent nature as to constitute a nuisance.

From what has been said, it follows that in our opinion the trial court erred in declaring the ordinance in controversy to be a valid enactment in so far as appellants are concerned and in denying appellants injunctive relief against the enforcement thereof. Accordingly, the judgment appealed from is reversed and judgment is here rendered declaring the ordinance in controversy to be unconstitutional and void in its application to the occupation or business of appellants, and directing the issuance of such writs, if any, as may be proper and necessary to protect appellants against the further enforcement thereof.

Reversed and rendered.